CHICAGO, I. & N. R. Co. (GRAY v.). See Case No. 5,713.

CHICAGO, M. & ST. P. R. CO. (BARNES v.). See Case No. 1,016.

CHICAGO MANUF'G CO. (DANE v.). See Case No. 3,557.

CHICAGO, P. ETC., R. CO. (FARMERS' LOAN & TRUST CO. v.). See Case No. 4,665.

CHICAGO, R. I. & P. R. CO. (ATLANTIC & P. TEL. CO. v.). See Case No. 632.

CHICAGO, R. I. & P. R. CO. (HATCH v.). See Case No. 6,204.

## Case No. 2,670.

CHICAGO, ST. L. & N. O. R. CO. v. Mc-COMB et al.

[17 Blatchf. 371; 9 Reporter, 569.] [1]

Circuit Court, S. D. New York. Dec. 31, 1879.

REMOVAL—DIVERSE CITIZENSHIP — CORPORATIONS.

1. In determining, under the first clause of § 2 of the act of March 3, 1875 (18 Stat. 470), whether a suit is one in which there is a controversy between citizens of different states, the condition of the controversy when the petition for removal is filed is what is to be considered, and not its condition at a subsequent time. There must be a controversy between citizens of different states when the petition is filed, and all the parties on one side of such controversy must unite in the petition for removal, and they must all then be of different state citizenship from any of the parties on the other side of such controversy.

[Cited in Smith v. McKay. 4 Fed. 354; Curtin v. Decker. 5 Fed. 387, 388.]

2. A corporation defendant, which is not a real or actual or necessary party, but is a merely formal party, to the controversy in the suit, as such controversy stands when the petition for removal is filed, is to be considered as not a party.

3. The controversy is to be judged of, in part, by the pleadings, if any, which had been put in, in the state court, before the filing of the petition for removal.

4. In a suit by a corporation of one state against a citizen of another state, it is sufficient, in a petition for removal by the defendant, under the first clause of said § 2, to state, that the defendant is a citizen of such other state, and it is not necessary to state that he was such citizen when the suit was commenced.

[Cited in Curtin v. Decker, 5 Fed. 387, 388.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission. 9 Reporter, 569, contains only a partial report.]

5. Nothing had transpired, in pleading or evidence, since the case came into this court, to show that said formal defendant ought now to be held to be an actual, real and necessary defendant; and a motion to remand the cause was denied.

In equity.

John F. Dillon, for the motion.
Francis N. Bangs, opposed.

BLATCHFORD, Circuit Judge. The defendants in this suit filed in the state court in which the suit was brought a petition for its removal into this court. The petition was that of both of the defendants. It set forth, "that the plaintiff is, as alleged in the complaint, a corporation, existing under the laws of the states of Louisiana, Mississippi, Tennessee and Kentucky; that the said Henry S. McComb is a citizen of the state of Delaware, and that the defendant, the Southern Railroad Association, is a corporation existing under the laws of the states of Mississippi and Tennessee; that the said action was commenced against the defendant Henry S. McComb alone, by the service of a copy of the summons and complaint therein upon the said Henry S. McComb on the 28th day of May, 1878, and that said defendant has not yet appeared in said action; that no service of process in said action has yet been made upon the defendant, the Southern Railroad Association; that the matter in dispute in this action exceeds, exclusive of costs, five hundred dollars; that it relates to certain railroad bonds amounting to over $475,000 in par value; and that a controversy has arisen in this action between citizens of different states, and the defendants desire to remove the said action from this court to the circuit court of the United States for the southern district of New York, in which district the said suit is pending; wherefore, the petitioners pray that the said suit may be removed from this court to the said circuit court of the United States for the southern district of New York, and that this court will proceed no further in this action." The petition is dated and verified June 1st, 1878. A proper bond accompanied it. On the 6th of June, 1878, the state court made an order in the cause, reading as follows: "The defendants in this action having, pursuant to the third section of the act of congress of the United States, approved March 3d, 1875, made and filed in this suit, in this court, their petition for the removal of this suit into the circuit court of the United States for the southern district of New York, and having made and filed therewith a bond, with good and sufficient surety, for the defendants' entering in such circuit court, on the first day of its next session, a copy of the record in this suit, and for paying all costs that may be awarded by the said court if said court shall hold that this suit was wrongfully or improperly removed thereto, and also for there appearing and entering special bail in such suit, if special bail was originally requisite therein, now, on motion of C. W. Bangs, attorney for the said defendants, for this purpose, it is ordered that the said petition and bond be accepted, and it is hereby declared that this court will proceed no further in this suit, and this cause is hereby declared to be removed to said circuit court of the United States for the southern district of New York."

This suit, if removed, is removed under the first clause of the 2d section of the act of March 3, 1875 (18 Stat. 470). The petition for removal is framed under that clause. That clause, so far as it applies to this suit, provides, "that any suit of a civil nature, at law or in equity, * * * hereafter brought in any state court, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, * * * in which there shall be a controversy between citizens of different states, * * * either party may remove said suit into the circuit court of the United States for the proper district."

A motion is now made by the plaintiff to remand this cause to the state court, on the following grounds, stated in the notice of motion: "First, that the said cause is not properly removable into this court under any of the laws of the United States providing for and regulating the removal of causes from the state courts into the courts of the United States; second, that it does not appear, from the petition for the removal of the cause, or otherwise, that the said defendant McComb was, at the time of the commencement of said suit in the said superior court of the city of New York, a citizen of the state of Delaware, or a citizen of a state other than the states of which the plaintiff is a citizen; third, that it does appear, from the papers and pleadings heretofore filed in this suit, that the said defendant, the Southern Railroad Association, is a necessary adverse party defendant to the case made and stated in the plaintiff's bill, and it also appears that said defendant is a citizen of the same state or states with the complainant."

On the 4th of November, 1878, the plaintiff filed a bill of complaint in this court, which avers the bringing of this action in the state court, and "that, thereafter, the said Henry S. McComb, according to the provisions of the statutes of the United States in such case made and provided, removed the said action into this court." McComb put in an answer, in this court, to said bill, in which those averments are admitted. The Southern Railroad Association and McComb, "as the alleged president, or as otherwise an officer of the Southern Railroad Association" put in an answer and disclaimer, in this court, to said bill, in which it is averred, "that neither the said the Southern Railroad Association, nor the said Henry S. McComb, as the president, or as otherwise an officer, of the said the Southern Railroad Associa-

tion, had, at the time of the commencement of this suit, or at any time since, or now has, in its or his possession, or under his or its control, nor has he or it, at any time since the commencement of this suit, claimed, nor does he or it claim, any right, or title to, or interest in, any of the first or second mortgage bonds of the Mississippi Central Railroad Company, touching which any discovery or relief is sought by the said bill, and they, as such officer and corporation as aforesaid, severally disclaim having any right, title or interest, in, to or upon any of the first or second mortgage bonds or things in action in respect to which this suit appears by the said bill to be brought."

In determining, under section 2 of the act of 1875, whether a suit is within the description of one "in which there shall be a controversy between citizens of different states," so that "either party may remove said suit" into a federal court, it is plain, that the condition of the controversy at the time the petition for removal is filed in the state court is the condition of the controversy which must be taken into consideration, and not the condition of the controversy at a time subsequent to the filing of such petition, if there be a difference between the condition of the controversy at the one time and its condition at the other time. There must be, in the suit, a controversy between citizens of different states, at the time the petition for removal is filed, and all the parties on one side of such controversy must unite in the petition for removal, and, when they so unite, they must all of them be, at that time, of different state citizenship from any of the parties on the other side of such controversy. This is understood to be the view of the supreme court, so far as it is expressed in the recent decision of that court in Meyer v. Construction Co., 100 U. S. 457.

In the present case, the petition for removal states, that the plaintiff is a corporation of Mississippi and Tennessee, and that the defendant, the Southern Railroad Association, is a corporation of Mississippi and Tennessee. Therefore, if the Southern Railroad Association was, when the petition for removal was filed, a real and actual and necessary, and not a merely formal, party to the controversy in the suit, as such controversy stood at that time, this suit could not be removed into this court by virtue of the petition which was filed under the first clause of said 2d section, because there was not, at that time, the necessary diversity of citizenship between the plaintiff and the Southern Railroad Association.

That controversy must be judged of, in part, by the pleadings, if any, which had been put in in the state court, prior to the filing of the petition of removal. In this case, the only pleading in the state court, when the petition for removal was filed, was a complaint. That complaint relates, in the first place, to $100,000 of first mortgage

bonds, alleged to have been illegally re-issued. Of those, it is alleged that $79,500 "are now held and claimed by the defendant, Henry S. McComb, as hereinafter stated." It then alleges, that certain second mortgage bonds, which it claims are invalid, are "in the hands of the said McComb," and that "said McComb claims to hold and own the same in his own right or for the Southern Railroad Association, and has demanded of this plaintiff that it should recognize the said bonds as outstanding and valid obligations." Again, in regard to such second mortgage bonds, it alleges, "that the greater portion thereof are now in the possession or under the control of the said Henry S. McComb, and that he claims to hold and own the same either individually or as an officer of, or for the benefit of, the said Southern Railroad Association, or of said associates or corporators therein;" and that "the said Henry S. McComb does not distinctly designate the particular right or title by which he claims the same, but he claims and demands that plaintiff should recognize these bonds and the coupons thereof, as valid and existing bonds and obligations secured under the said second mortgage." It then alleges, that "the said second mortgage bonds held by said McComb, or in his possession and control, as aforesaid, and which * * * he now claims and demands, without right, to hold and enforce against plaintiff and its property," are numbered so and so, "amounting, in all, to $398 300." It then avers, "that the said Henry S. McComb claims to hold as his own, or in behalf of parties he does not disclose, $79,500 of the said amount of $100,-000" first mortgage bonds, "and threatens to enforce the same, as he does the said $398,-300 of second mortgage bonds, against this plaintiff." There are no averments in the complaint which vary or control the foregoing. It is plain, from them, that McComb is the real defendant, holding, possessing and controlling the bonds which are attacked. The averments of the complaint are not sufficiently specific as to the Southern Railroad Association, to make it a necessary party, or any other than a formal or nominal party. Then the answer and disclaimer of the Southern Railroad Association, sworn to by McComb, in this court, January 31st, 1879, may be used, on this motion, as an affidavit, to the effect, that the Southern Railroad Association did not have, at the time this suit was commenced or at the time the petition for removal was filed, any of said bonds in its possession or under its control, and that it did not, when the petition for removal was filed, claim any right or title to or interest in any of said bonds. On this state of facts, it must be held, that the association was a merely formal party to the suit, at the time the petition for removal was filed, and that the suit and the whole suit was removed into this court by the proceedings which were had. These views dispose of

the first and third grounds specified in the notice of motion.

As to the second ground, the petition for removal states that McComb is a citizen of the state of Delaware, but does not state that he was such citizen when the suit was commenced. This question has been decided by this court in McLean v. St. Paul & C. Ry. Co. [Case No. 8,892], in which the same point was taken as to a petition for removal under the act of 1875, and was overruled.

I do not understand that there is anything which has transpired, in pleading or evidence, since this case came into this court, which goes to show that the Southern Railroad Association occupies such a different position in regard to the controversy, that it must now be held to be, in this court, an actual, real and necessary defendant, although it may appear to have been only a nominal or formal defendant when the petition for removal was filed. The motion to remand the cause is denied.