# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts

---

## CHESTER *v.* CHESTER and others.

*(Circuit Court, W. D. Tennessee. April 25, 1881.)*

1. REMOVAL OF CAUSES—ACT MARCH 3, 1875—RESULTING TRUST—INSEPARABLE CONTROVERSY.

    A bill in equity to establish a resulting trust in land in possession of a mortgagor, upon facts occurring before the mortgage, to which the mortgagee, a citizen of another state than the plaintiff, is made a defendant, cannot be removed to the federal court on his application, where the mortgagor, being also a defendant, is a citizen of the same state with the plaintiff, the controversy of the plaintiff with either defendant being inseparable from the other.

2. SAME SUBJECT.

    Cases since Judge Dillon's second edition of Removal of Causes cited in a note.

Motion to Remand.

The plaintiff and all the defendants are citizens of Tennessee, except the Life Association of America, which is a Missouri corporation, now dissolved, and represented by W. S. Relfe, its statutory assignee, who is a citizen of Missouri and a substituted defendant. The bill alleges that Robert H. Chester, one of the defendants, was the plaintiff's guardian,

v.7,no.1—1

and as such was possessed of her money; that he, with Robert I. Chester and W. B. Chester, other defendants, executed a trust mortgage to secure a debt due the life association upon certain lands in Madison county, Tennessee,—another defendant, C. B. Wellford, being the trustee, with usual powers of sale; that in 1859, long before this trust deed was executed, a certain part of this land had been levied on under an execution and sold by the sheriff as the property of the defendant Robert I. Chester, and redeemed by the payment to the creditor of the plaintiff's money, this being done by her guardian for the benefit of Robert I. Chester, but without any legal obligation to do it; that this was done after the time for redemption had expired, and, by contract of the parties, the purchaser executing a quitclaim to Robert I. Chester; that, having now come of age, she elects to follow her money into this land, and claims it as hers, a trust having resulted in her favor; that, as to the other part of the land conveyed in the deed of trust, her guardian has used other parts of her money in making payments on the debt secured to the Life Association, whereby the amount has been reduced; that all the parties, including the corporation, had knowledge of the facts and all her equities, and participated in the wrongful conversion of her funds by her guardian; and as to the land not included in her claim under the redemption contract she claims a right to be substituted to the company's security and priority of satisfaction. The bill prays for relief according to these alleged facts, and, on an allegation that the corporation is insolvent and non-resident, prays an attachment and injunction. The attachment was refused, but the trustee was enjoined from selling. The bill alleges that the Chesters are in possession of the land. Relfe appeared in the state court, was allowed to become a party, and immediately filed his petition and bond to remove the cause to this court, and the plaintiff now moves to remand for want of jurisdiction. The petition for removal alleges that the matters in controversy are those in which the plaintiff and the petitioning defendant "are solely interested," and that they "are wholly between the said plaintiff on the one side and your petitioners on the

other, and can be fully determined as between them." It should be stated the petition is that of the extinct corporation and Relfe, the substituted defendant. There is an allegation in the petition that the said Robert I. Chester, Robert H. Chester, and W. B. Chester in fact procured the said D. V. Chester to institute said suit and to file the said bill for the express purpose of defeating the right, title, and claim of petitioners, as shown and set forth in the answer in said cause, and are now united with her, the said D. V. Chester, in the prosecution and maintenance of the said suit or bill for the purpose aforesaid." ·

*C. G. Bond*, for plaintiff.

*Wright, Folkes & Wright*, for defendant.

HAMMOND, D. J. In the case of *Chester* v. *Wellford*, MSS. February 22, 1879, in this court, there had been a bill filed in the state chancery court by Robert I. Chester and his co-defendants of that name in this case against Wellford, the trustee, and the Life Association of America, attacking the deed of trust mentioned in this case for fraud, or, in the event the deed should be sustained, for an account of dividends and profits realized by the company in its business of life insurance. As appears by the answer of Relfe in this case, it appeared by the bill in that case that these Chesters took out policies of life insurance and borrowed money of the company, executing this deed of trust to secure the deferred premium notes and the loan notes. There was subsequently a settlement, also attacked for fraud, by which the policies were cancelled, leaving the loan notes, or certain portions of them, unpaid; and Wellford, the trustee, was proceeding under his powers to sell the land until arrested by injunction in that case. It was removed, as this case is sought to be, to this court, and a motion made to remand, because Wellford was a citizen of Tennessee, and a defendant along with the insurance company. That motion I overruled, and maintained our jurisdiction, distinguishing the case from that of *Gardiner* v. *Brown*, 21 Wall. 36, on the ground that the trustee in a court of equity was, as the case was there presented, only aformal party, and, at most, had no interest in the controversy,

being necessary only to convey title to whomsoever the court
should decree it. That judgment I consider has been fully sus-
tained by the supreme court in *Walden* v. *Skinner*, 101 U. S.
577, and *Life Association, etc.* v. *Rundle*, 12 Cent. Law J. 130;
S. C. 13 Chi. Leg. News, 185. (See 102 U. S. when issued.)
But this case is so different that the distinction between the
two must be obvious. They are not the same controversy at
all. Here the deed of trust is not attacked for fraud,—at
least, not the same fraud upon the Chesters, who gave it, as
that mentioned in that bill; nor is the settlement growing out
of it between them and the company attacked, and the plain-
tiff in this case seeks no relief on account of any of the alle-
gations of fraud contained in that bill. She, as to one part of
the land, indeed, seeks to maintain the trust deed as a secu-
rity for the money paid by her guardian on the notes secured
by it with knowledge of the company, and to that extent her
interest is the same as that of the company or Relfe, its
assignee. And, as to the other portion of the land, she claims
a paramount title to that of the insurance company and its
mortgagor, but does not at all question the validity of the
deed of trust as between the company and the other defend-
ants. Briefly, her bill may be described as one to establish
a fraudulent conspiracy, through which she claims a result-
ing trust in land in possession of a mortgagor to which she
has properly made the mortgagee, whom she charges with
notice and participation in the fraud, a defendant. Such
controversy as she has with the mortgagee is inseparable
from that she has with the mortgagor, and they are each
indispensable parties to a bill like this, in any possible view
that may be taken of the case. Hill, Tr. (3d Am. Ed.) 246;
Perry, Tr. § 877; 1 Daniell, Ch. Pr. (5th Am. Ed.) 246, *et seq.;*
Story, Eq. Pl. §§ 209, 213; *Burt* v. *Dennet*, 2 Bro. Ch. 225;
*Lund* v. *Blanchard*, 4 Hare, 9, at pp. 29–30; *Bailey* v. *Inglee*,
2 Paige, 278; *Findlay* v. *Hinde*, 1 Pet. 241, 246; *Mallow* v.
*Hinde*, 12 Wh. 193; *Smith* v. *Shane*, 1 McL. 22; *Hoxie* v.
*Carr*, 1 Sumn. 173; *Gaylords* v. *Kelshaw*, 1 Wall. 81.

The only possible theory upon which this court can ac-
quire jurisdiction over such a case is that suggested by Mr.

Justice Bradley in his dissenting opinion in the *Removal Cases,* 100 U. S. 457, 479, which I understand to be that, wherever there is in any case a substantial controversy between citizens of different states, the constitutional grant of judicial power attaches to it; and, under the act of March 3, 1875, (18 St. 470,) the whole case may be removed to the federal court. I quite agree that, technically considered, the majority opinion in that case cannot be said to limit, by its construction, the constitutional grant of judicial power, so as to exclude a case like this from the operation of the act of congress, but I also think it fairly inferable that the court is of opinion that the act of congress was not intended to vitalize the constitutional power to its fullest extent, so as to include a case like this. This case requires, in my opinion, that the constitutional power shall be extended by act of congress to its utmost verge to include it; and, if there can be any case in a state court where one of the parties is a citizen of another state than that of the petitioning party, which lies beyond the constitutional grant, it is this one. I do not decide that this is; and, so far as I may properly express an opinion at all, I may say that I do not now think it impossible for congress to include this case in a grant of jurisdiction to this court, but I do not think it has done so, and that is all I decide. It is not at all necessary for me to support this judgment by an extended review of the cases, or an analysis of the statute in comparison with previous statutes, because the subject of the construction of this difficult statute is one of such perplexity that the supreme court seems itself to be divided, and there is quite as much diversity of opinion among the judges of the other courts. But I may properly say that, in making up this judgment, I have considered every case and authority accessible to me, and am left to follow the inferences to be drawn from the majority opinion in the *Removal Cases, supra,* and the very recent case of *Barney* v. *Latham,* not yet reported, rather than any authoritative adjudication to be found in either of them as applied to this case. If Mr. Justice Bradley's dissenting opinion is the law of the subject I am wrong here, and I frankly confess there is,

strictly considered, no authoritative case against it, unless it be the majority opinion in the same case, and it is doubtful if that can be said to be so. But, independently, my own judgment is that the act of congress does not apply to a case like this, and that, with deference for all who think otherwise, must control me until the supreme court decides the point.

It is not necessary to determine whether the act of 1875 has repealed the act of 1866, (Rev. St. § 639, subsec. 2,) because I am of opinion that this case is clearly not removable under that act. As I understand the effect of the recent decisions, the distinction between the two acts amounts to this: If the case be one that could have been removed as to the separable controversy, under the act of 1866, the *whole case*, and not the separable controversy only, may now be removed under the act of 1875. But where the controversy is inseparable as between citizens of different states from that between citizens of the same state, as this case is, there can be no removal under either act.

It occurred to me that this petition for removal contained an allegation of a fraudulent conspiracy to defeat the jurisdiction of this court over this case by joining parties not proper to be joined, but the allegation amounts to nothing more than a negation of the plaintiff's cause of action by saying that she has, with the defendants, concocted this suit to avoid the deed of trust. If that be so, the suit must fail against both mortgagor and mortgagee; but it furnishes no basis for jurisdiction in this court. If she fails to prove notice of her equities against the mortgagee, she may fail of any relief as to him, while establishing her case against the mortgagors; but that does not render the controversy separable in the sense of these statutes.

Remand the cause.

NOTE. Consult Dillon, Removal Causes, (2d Ed.) *passim*; 20 Amer. Law Reg. (N. S.) 24, 31; *Dormitzer* v. *Bridge Co.* 6 FED. REP. 217; *Broadway Nat. Bank* v. *Adams*, 12 Cent. Law J. 356; *Bybee* v. *Hawkett*, 5 FED. REP. 1; S. C. 13 Chicago Legal News, 152; *Hester* v. *Kernochan*, 13 Chicago Legal News, 225; *Smith* v. *McKay*, 4 FED. REP. 353; *Merchants' Nat. Bank* v. *Thompson*, Id. 876; *Shumway* v. *Railroad Co.* Id. 385; *Ruble* v. *Hyde*, 3 FED. REP. 330; *Bailey* v. *N. Y. Bank*, 2 FED. REP. 14; *Whitehouse* v. *Ins.*

*Co.* Id. 498; *Railroad Co.* v. *McComb,* 17 Blatchf. 371; *Cooke* v. *Seligman,* Id. 452; *Forrest* v. *Keeler,* Id. 522; *Barney* v. *Latham,* Supreme Court U. S., April 18, 1881, not yet reported., (see 102 U. S.;) *Blake* v. *McKim,* Supreme Court U. S., May 2, 1881, not yet reported, decided since the foregoing opinion was delivered.