KINGSBURY (HAMILTON v.). See Cases Nos. 5,984 and 5,985.

---

## Case No. 7,817.

### KINGSBURY v. KINGSBURY.

[3 Biss. 60; [1] 3 Chi. Leg. News, 330.]

Circuit Court, N. D. Illinois. June, 1871.

REMOVAL FROM STATE COURTS—NO JURISDICTION BY STIPULATION — APPLICATION FOR REMOVAL— WHEN TO BE MADE—MINOR CANNOT CONSENT TO REMOVAL.

1. This court will not entertain jurisdiction of a case brought up by stipulation of parties from the state court unless the record shows the existence of the facts contemplated by the acts of congress concerning removals from state courts.

· 2. Under the act of 1789 [1 Stat. 73], the removal can only be made on application of the defendant at the time of entering his appearance in the state court.

3. It seems, that where a case has gone to decree in the state court it is too late for any of the parties to remove it to this court.

4. A minor is incapable of consenting to a change of forum. The state court having obtained jurisdiction of his person and property, neither his guardian ad litem nor any other person for him can consent to a removal.

The record in this case was transferred by stipulation of parties from the circuit court of Cook county to this court. The complainant, Jane C. Kingsbury, filed her bill in 1868 against the defendants, Henry W. Kingsbury, and Eva Lawrence, his mother, and A. G. Lawrence, the husband of said Eva Lawrence, praying for an assignment of dower in certain real estate situated in Chicago, of which Julius J. B. Kingsbury, husband of

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

said complainant, died seized. Subsequently said Eva Lawrence filed her cross-bill against said complainant and Henry W. Kingsbury, also praying for an assignment of dower to which she was entitled as the widow of her former husband, Henry W. Kingsbury, who was the heir at law of said J. J. B. Kingsbury. The record shows that such proceedings were had upon said bill, cross-bill and answers that said causes were finally brought to hearing upon the pleadings and proofs, and the circuit court of Cook county made its decree adjudging said complainant, Jane C. Kingsbury, to be entitled to dower in one-third of said real estate, and said complainant in said cross-bill, Eva Lawrence, to be entitled to dower in said premises, subject to the dower of the said Jane C. Kingsbury; and as the property was found not to be susceptible of division or assignment of dower therein to the respective complainants by metes and bounds, and to be also subject to incumbrances upon which interest was accruing, to be paid semi-annually, and also to large assessments and taxes, the circuit court appointed a receiver, and decreed that he should collect the rents, issues, and profits accruing on the property, and out of the same pay, first, all taxes and assessments levied on said property, and the interest accruing upon the mortgages and incumbrances thereon, and the expenses of the repair and care of said property, and that the residue of the income from said property in the hands of said receiver should be, from time to time, divided in the proportion of three-ninths to said Jane C. Kingsbury, and two-ninths to said Eva Lawrence, in satisfaction of their respective dower rights in said property; and that the balance or remainder thereof should be paid to said Henry W. Kingsbury, or his guardian, or invested under the direction of the court for his use, as might from time to time be determined during his minority. By stipulation of the parties in writing entered into between the said parties, Jane C. Kingsbury, Eva and Albert G. Lawrence, by their respective attorneys, and said infant, Henry W. Kingsbury, by his guardian ad litem, the cause was removed to and docketed in this court. This was a motion for the appointment of a receiver on the ground that the change of venue vacates all former orders made by the court in which the case was originally commenced.

Corydon Beckwith, E. S. Isham, and Waite & Clarke, for the motion.

M. W. Fuller, for receiver of the state court.

BLODGETT, District Judge. In considering this motion, this court has deemed it first in importance to inquire whether it has acquired jurisdiction of said cause by the steps which have been taken for its removal from the state court. By the act of March 2, 1867, it is provided: "That where a suit is now pending, or may hereafter be brought in any

state court, in which there is controversy between a citizen of the state in which the suit is brought and a citizen of another state, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, such citizen of another state, whether he be plaintiff or defendant, if he will make and file in such state court an affidavit stating that he has reason to and does believe that, from prejudice or local influence, he will not be able to obtain justice in such state court, may at any time before the final hearing or trial of the suit, file a petition in such state court for the removal of the suit into the next circuit court of the United States to be held in the district where the suit is pending, and offer good and sufficient surety for his entering in such court on the first day of its session copies of all process, pleadings, depositions, testimony, and other proceedings in said suit, and doing such other appropriate acts, as by the act to which this act is amendatory, are required to be done upon the removal of a suit into the United States court; and it shall be, thereupon, the duty of the state court to accept the surety and proceed no further in the suit. And the said copies being entered as aforesaid in such court of the United States, the suit shall there proceed in the same manner as if it had been brought there by original process." 14 Stat. 558.

By the act of 1789, providing for the removal of suits from the state courts to the federal courts, the application for the removal must be made by the defendant at the time of entering his appearance in the state court, and then only by the defendant. But as this case has progressed to a stage far beyond the entry of the appearance of the defendants, it is obvious that if removed at all, it must be removed under the provisions of the act of 1867; and the act of 1867 only authorizes removals upon affidavit and petition showing the existence of such prejudice or local influence as will not secure to the party seeking the removal a fair trial in the state court. It is well known as a part of the legislative and judicial history of the country, that this latter statute was passed to meet certain conditions and difficulties which had arisen out of the late civil war. It is exceptional in its provisions, and it seems to us its application should not be extended beyond its letter and the class of cases which are strictly within its provisions. The statute itself provides for the filing of an affidavit and petition stating the existence of certain facts, and unless the existence of those facts appear in the record in the manner provided by the statute, it seems to us the right to a removal does not arise, and this court, it seems to us, ought not to entertain jurisdiction of a case from the state court, unless the record shows that the conditions precedent required by the statute have been complied with.

The stipulation in this case does not even by agreement of parties admit the existence of the jurisdictional facts which authorize the change of forum, even if it were allowable that the parties should stipulate as to the existence of those facts, instead of verifying their existence by affidavit as required. But without stopping to discuss the point as to whether parties might stipulate as to the existence of those facts, this court is of the opinion that the practice should not be encouraged or allowed of removing cases from the state courts by stipulation. We think that comity to the state court which has acquired jurisdiction over the persons and subject-matter in controversy, requires that the federal courts should refuse to take cognizance of cases removed therefrom, unless such removal is accomplished in the way pointed out by the act of congress.

We also doubt whether this case has not already progressed to such stage in the state court as to be beyond the purview and operation of the act of 1867. It seems to have passed to a final decree. The court has adjudicated upon the questions made by the bill and cross-bill, and has awarded to the complainants the relief they respectively sought, and the decree seems to have been in process of execution. We do not, however, feel called upon to decide the case upon that point, as there is another, and, to us, still more fatal objection to our entertaining jurisdiction in this case.

The record shows that the principal defendant in the original bill and in Mrs. Lawrence's cross-bill, is Henry W. Kingsbury, a minor. He is the owner of the fee in the property sought to be affected by the bill, and it is out of his estate that the complainants in the bill and cross-bill seek their respective allotments of dower. He is incapable of consenting to the change of forum in his case. The circuit court of Cook county has acquired jurisdiction of his person and property in these proceedings, and we do not deem it competent for his guardian ad litem, or any other person for him, to consent or stipulate for a removal of the case from that court into this court in his behalf.

It was said upon argument that inasmuch as it was possible for Mrs. Kingsbury and Mrs. Lawrence to dismiss their proceedings in the state court, and, if the proper facts in regard to the residence of the parties existed, bring an original suit against the minor defendant in this court, involving the same subject-matter, it was, therefore, competent for those having charge of his interests to stipulate for the removal of the case bodily into this court. But the obvious answer to that suggestion is, that in the event of bringing an original suit against the minor in this court, he could only be brought in as a defendant by service of process upon him in the manner pointed out by law, and that any waiver of service of process and entry of his appearance in this court by attorney or by guardian ad litem would be void and totally inoperative.

Entertaining these views, which are fully

concurred in by my learned brothers, Justice DAVIS and Judge DRUMMOND, the motion for the appointment of a receiver will be overruled, and the order entered for the appointment of a guardian ad litem for the infant defendant set aside, and this case remanded to the circuit court of Cook county.

NOTE. For opinion of Illinois supreme court in above case, upon the merits. consult 58 Ill. 310. For the circumstances under which cases can be removed under the acts of 1789 and 1867, and the time when it must be done, consult Johnson v. Monell [Case No. 7,399]; Akerly v. Vilas [Id. 119], and cases there cited; also, In re Cromie [Id. 3,405]; Akerly v. Vilas [Id. 120]; Boggs v. Willard [Id. 1,603].

That consent will not give jurisdiction where none is conferred by law, consult Andrews v. Wheaton, 23 Conn. 112; Little v. Fitts, 33 Ala. 343; Harriott v. New Jersey R. & Transp. Co., 2 Hilt. 262; Green v. Collins, 6 Ired. 139; Branch v. Houston. 1 Busb. 85; Gilliland v. Sellers, 2 Ohio St. 227; Smiths v. Dubuque Co., 1 Cole [Iowa] 492; Duffield v. Smith, 3 Serg. & R. 590; Lindsey v. McClelland. 1 Bibb. 262; Bents v. Graves, 3 McCord, 280; Foley v. People, Breese, 57; Falkenburgh v. Cramer. Coxe [1 N. J. Law] 31; Parker v. Munday. Id. 70. But if a court has jurisdiction of the matter, and one party has some privilege which exempts him from the jurisdiction, he may waive that privilege if he chooses so to do. Overstreet v. Brown, 4 McCord, 79.

---

KINGSLAND (PATTERSON v.). See Case No. 10,827.