a patentee from a decision of the commissioner, not refusing or rejecting, but granting, the application for letters-patent. The arguments on each side on this point have been read and considered. The point being the same which was decided by Judge Cranch in the year 1842 in the case of Pomeroy v. Connison [supra], on very full consideration, and ever since followed by me, I feel that I ought to consider the point as settled; and am therefore of opinion that I have no jurisdiction in this case; and which I do hereby certify to the honorable commissioner, and shall return the papers to the patent office, together with this my order that the said appeal be dismissed.

[Patent No. 9,484 was granted to Lansing E. Hopkins, December 21, 1852. For another case involving this patent, see Burr v. Duryee, Case No. 2,190. Patent No. 11,805 was granted to Daniel Barnum, October 17, 1854.]

HOPKINS (BURR v.). See Case No. 2,192.

## Case No. 6,686.

### HOPKINS v. CARPENTER et al.

[18 N. B. R. 339.] [1]

District Court, S. D. New York. Aug. 30, 1878.

BANKRUPTCY—JURISDICTION—CONSENT OF PARTIES —RECEIVERSHIP.

1. Where the want of jurisdiction appears on the petition, the consent of the parties cannot give jurisdiction, and the court of its own motion should take notice of the point.

2. From the schedules annexed to a petition filed by one partner of a dissolved firm against his copartners for the adjudication of the firm, it appeared that the firm had been dissolved by judicial decree and all its assets transferred to a receiver, and that there were firm debts. *Held*, that the firm could not be adjudicated.

In bankruptcy. In the matter of Sidney W. Hopkins on his own behalf, and against Robert J. Carpenter and Frank H. Collins.

A. Blumenstiel, for petitioner.
W. B. Hornblower, contra.

CHOATE, District Judge. This is a petition under section 5121, brought by one partner of a dissolved firm against his two copartners. The petition shows that neither Carpenter nor Collins resides in this district, that the firm was formed in 1868, and thereupon commenced to carry on its business in this district. The petition was filed July 30, 1878. The schedules annexed show that the firm was dissolved by judicial decree and all its assets transferred to a receiver, April 30, 1878, and that there are firm debts still unpaid. On the return day the two respondents, Carpenter and Collins, appeared and consented to an adjudication. A creditor of the petitioner asks leave to intervene and moves to dismiss the petition for want of jurisdiction. It was held by Judge Blatchford in Re Crockett [Case No. 3,402] and in Re Hartough [Id. 6,164] that a firm not subsisting at the date of the filing of the petition cannot be adjudicated bankrupt if there are no firm assets, though there may be firm debts still unpaid. Although in some other districts the opinion has been expressed by the court that it is enough if there are outstanding debts, yet these cases have never been overruled and are conclusive in this court. The present case is directly within them. The entire want of assets and the dissolution of the firm appear by the schedules which are a part of the petition. It is said that the creditor intervening has no right to appear and that the respondents do not take the objection, but the question being one of jurisdiction, and the want of jurisdiction appearing on the petition, the consent of the parties cannot give jurisdiction and the court of its own motion should take notice of the point. Petition dismissed as to Carpenter and Collins and adjudication as to Hopkins.

HOPKINS (FAIRFAX v.). See Case No. 4,614.

HOPKINS (HIGBIE v.). See Case No. 6,466.

## Case No. 6,687.

### HOPKINS v. JACKSON.

[Cited in Hovey v. Home Ins. Co., Case No. 6,743. Nowhere reported; opinion not now accessible.]

## Case No. 6,688.

### HOPKINS v. LEWIS.

[3 App. Com'r Pat. 222.]

Circuit Court, District of Columbia. Oct. 20, 1859.

PATENT—INTERFERENCE — POWER OF COMMISSIONER.—TESTIMONY.

[The granting of an extension of time for the taking of testimony in an interference case is within the discretion of the commissioner, and no appeal lies from his refusal, except in the case of a plain abuse of discretion.]

Appeal [by John R. Hopkins] from the decision of the commissioner of patents, refusing to grant him a patent for an improvement in apparatus for evaporating fluids, and awarding priority of invention to Junius L. Lewis therefor.

MORSELL, Circuit Judge. Hopkins states his claim thus: "I claim and desire to secure by letters patent the combination of the liquid to be evaporated with endless bands, ropes, or other textile substance presenting extensive surfaces, and with mechanical devices to move them, substantially as described." The commissioner in his decision adopts the report of the examiner, and says: "John R. Hopkins made his application for a patent October 19, 1858, for an improvement

[1] [Reprinted by permission.]