McDonald and another *v.* Salem Capital Flour-Mills Co. and others.

*(Circuit Court, D. Oregon. August 1, 1887.)*

1. REMOVAL OF CAUSES—PLEA TO THE JURISDICTION.
   A party against whom a case has been removed from a state to a national court may contest any allegation of fact on which such removal was had, by a plea in the nature of a plea to the jurisdiction of the latter court; and this, whether such allegation is contained in the pleadings proper or the petition for removal.

2. SAME—RESIDENCE AND CITIZENSHIP.
   An averment in a plea that a party is a citizen of Oregon is not neutralized by an admission therein that such party is residing abroad. Residence is *prima facie* evidence of citizenship, but not conclusive; and a person may be a citizen of one state or country, and reside for the time being in another.

3. SAME—DOMICILE.
   Primarily, a person's domicile is his legal home; but domicile implies more than mere residence in a country.

4. EQUITY PLEADING—ARGUMENTATIVE PLEA.
   A plea must be positive and direct, and not merely argumentative; and when a fact is controverted simply by alleging one contradictory thereof, the plea must go further, and directly negative or traverse the facts inconsistent with the fact alleged.

5. SAME—ANSWER IN SUPPORT OF PLEA.
   A plea to the jurisdiction that one of the parties to the case is a citizen of a state other than that alleged in the petition for removal, need not be supported by an answer.

*(Syllabus by the Court.)*

*John M. Bower*, for Kelly and McDonald.
*William B. Gilbert*, for the bank and for **Stuart.**

DEADY, J. This suit was brought by the plaintiff, R. McDonald, in the state circuit court for the county of Marion, against the Salem Capital Flour-Mills Company, the First National Bank of Salem, the City of Salem Company, William Stuart, and James McDonald, trustee. On February 19, 1887, an amended complaint was filed, making Joseph F. Kelly a party plaintiff.

The object of the suit is to establish and enforce the alleged lien of two certain judgments in favor of the plaintiffs, respectively, as the assignees of the Oregon & Washington Mortgage Savings Bank, against the defendant, the City of Salem Company, namely: A judgment obtained by McDonald in the state circuit court for the county of Multnomah, on December 6, 1886, for $14,368.22, and one obtained by Kelly in the same court on April 3, 1886, for $12,771.50,—and to that end to set aside, as so far null and void, certain mortgages and conveyances of the property of said City of Salem Company, executed to certain of the defendants after the existence of the indebtedness on which said judgments were given, namely: A mortgage to William Stuart of August 2, 1883, to secure the sum of $71,940; a conveyance on June 10, 1884, of all the property of said company to James McDonald, in trust for the Salem Capital Flour-Mills Company, and a conveyance of the same by the for-

mer to the latter on July 1, 1884; and a mortgage by the flour-mills company on November 17, 1886, to the defendant, the First National Bank of Salem, to secure the sum of $30,000.

On February 21, 1887, the defendant the bank filed a petition and bond for the removal of the cause, and on the twenty-fourth of the same month an order was made to that effect in the state court. In this court the bank had leave, on April 29th, to file an amended petition for removal, from which it appears that the petitioner is a corporation organized under the national banking act of the United States, having its principal place of business at Salem, Oregon; that Joseph F. Kelly is a citizen of Rhode Island, residing in London, England; that R. McDonald is a fictitious person; that the Salem Capital Flour-Mills Company is a corporation organized under the law of Great Britain; that the City of Salem Company is a corporation formed under the law of Oregon; and William Stuart and James McDonald are British subjects. And from said petition and the complaint herein it also appears there is a controversy involved in the suit which is wholly between citizens of the United States, —the petitioner and said Kelly.

On May 25th, the plaintiffs filed a plea to the petition for removal, purporting to be verified by McDonald, and alleging that he is a British subject, resident in Oregon for more than six months prior to the commencement of this suit, and that Joseph F. Kelly is a citizen of Oregon, residing temporarily in London, England; and pray judgment therein that this cause be remanded to the state court from which it was removed. The plea was set down for argument, and counsel heard as to its sufficiency on June 20th.

Whenever a party against whom a cause has been removed from a state to a national court wishes to contest any allegation of fact on which such removal was had, he may do so by a dilatory plea, in the nature of a plea to the jurisdiction. Lube, Eq. 160; *Hoyt* v. *Wright*, 4 Fed. Rep. 168; *Filer* v. *Levy*, 17 Fed. Rep. 609. The petition for removal is a part of the record; and whenever, as in this case, the facts on which the removal is made do not appear otherwise than by the petition, it must be considered, for the purposes of such plea, a part of the case stated in the bill or complaint. The right of the bank to remove this case to this court, and the jurisdiction of the latter to hear and determine the same, depend on the fact that there is a separable controversy involved in it between citizens of different states. Act 1875, § 2; 18 St. 471. Such a controversy undoubtedly exists in the case between the bank and Kelly, and also the former and McDonald. But the latter, if a real person, is admitted to be an alien; and, unless Kelly is a citizen of a state of this Union other than Oregon, the case is not properly here, and must be remanded. And any party to the case may set up any fact which shows the non-existence of this diverse citizenship between these parties, in a plea to the jurisdiction of the court, for the purpose of having the case remanded. This is simply a negative plea, and does not require to be supported by an answer.

The principal objection made to the plea is that it admits Kelly is

not a resident of Oregon, and thereby in effect admits that he is not a citizen of Oregon, notwithstanding the direct averment to the contrary. Citizenship being a mixed question of law and fact, there is no doubt that a plea may contain details of fact so inconsistent with the general averment of citizenship as to neutralize it. But while residence, as a fact, is *prima facie* evidence of citizenship, it is not conclusive of the question. A person may be a citizen of one state or country and reside for the time being in another. *Sharon* v. *Hill*, 26 Fed. Rep. 342.

Counsel for the petitioner cites and relies on *Poppenhauser* v. *Indian Rubber Co.*, 14 Fed. Rep. 707. In this case a motion to remand was heard by the court on affidavits, touching the question of whether one of the defendants was a citizen of New York, and the court held, from the fact of her continued residence abroad, under the circumstances, that she was not. And in the course of his opinion the learned judge said: "For the purposes of the jurisdiction of the courts of the United States, domicile is the test of citizenship." But domicile implies more than mere residence. Primarily, a person's domicile is his legal home, or the place where the law will presume, under the circumstances, he intends to permanently reside, although he may be absent from it at the time. Rap. & L. Law Dict. "Domicile." Kelly may have a domicile in Oregon, or be a citizen of Oregon, and at the same time have a residence of more or less duration in England. In this respect the plea is sufficient. When the fact comes to be inquired into, the residence abroad and elsewhere may be sufficient, under the circumstances, as evidence to show that Kelly never had a domicile in Oregon, or that he has lost it.

But this plea is clearly open to the objection that it is argumentative, —not positive and direct, as it should be. Story, Eq. Pl. § 662; Lewis, Eq. Dr. 222. The petition alleges that Kelly is a citizen of Rhode Island, "residing,"—not temporarily,—"in England." In answer to this, the plea alleges that "Kelly is a citizen of Oregon, temporarily residing in England." He cannot be a citizen of both states at the same time, and therefore argumentatively the plea takes issue with the petition on this point. But, in addition to stating the contradictory fact, the plea must directly negative or traverse all the inconsistent facts and circumstances, and directly aver that Kelly is not a citizen of Rhode Island, and is not a resident of England.

The plea is insufficient and is overruled.