## SOUTHWORTH *v.* REID *et al.*

### (*Circuit Court, D. Wisconsin, W. D.*   1888.)

**1.** REMOVAL OF CAUSES—LOCAL PREJUDICE—ACT OF MARCH 3, 1887.

Act Cong. March 3, 1887, providing that where there is a controversy in any suit in a state court between a citizen of the state wherein the suit is brought and a citizen of another state, any defendant, a citizen of such other state, may remove the same to the proper United States circuit court upon it being made to appear to said court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court to which it may be removed under the laws of said state,—repeals, by implication, act 1867, (Rev. St. U. S. § 639,) which provides for such removal at the instance of either party, upon the filing of an affidavit in the state court, stating his belief that he cannot obtain justice in the state court by reason of prejudice or local influence, the two provisions being wholly inconsistent.[1]

**2.** SAME—REQUISITES OF APPLICATION—PROOF OF PREJUDICE.

By the act of 1887, unlike the former act, such application must be made to the United States circuit court, and be supported by such proof as to satisfy the court of the truth of such allegations, and a case removed by the state court since the latter act took effect, upon such an affidavit as that prescribed by the former act, not showing that defendant could not obtain justice in some state court other than the one in which the action was instituted, to which he may, under the laws of the state, secure a change of venue, should, on motion of the plaintiff, be remanded to the state court.[1]

**3.** SAME—DIVERSE CITIZENSHIP.

An action for damages for wrongful levy on the goods of plaintiff, who resides in the state in whose court the suit is brought, against the creditors causing the levy, residents of another state, their agent, and attorneys in the proceedings, is not removable by reason of the diverse citizenship of the parties, as some of the defendants reside in the same state with plaintiff, and the controversy is not separable.   Following *Sloane* v. *Anderson,* 117 U. S. 275, 6 Sup. Ct. Rep. 730.[2]

**4.** SAME—REMAND—WAIVER OF RIGHT.

In such case the plaintiff does not waive his right to remand the cause by once obtaining a continuance in the federal court, as the question is jurisdictional.

At Law.   On motion to remand to state court.

Action by Orville T. Southworth against Simon Reid, Thomas Murdock, August Fisher, Griffith J. Owen, Guy C. Prentiss, and Charles B. Miller, to recover damages for a wrongful levy on plaintiff's goods.

[1] For a discussion of the "prejudice or local influence" clause of the removal act of March 3, 1887, and a reference to the different rulings thereon, see Malone v. Railroad Co., 35 Fed. Rep. 625, cited in opinion, and note; Whelan v. Railroad Co., Id. 849.

[2] Concerning the removal of causes under the act of 1887, on the ground of diverse citizenship, see Cooley v. McArthur, 35 Fed. Rep. 372, and note; Whelan v. Railroad Co., Id. 849; Seddon v. Virginia, etc., Co., 36 Fed. Rep. 6.

On motion of defendants Reid, Murdock, and Fisher, the cause was removed to the United States circuit court, by order of the circuit court of La Crosse county. Plaintiff moves to remand the case to the state court.

*Fruit & Brindley*, for plaintiff.

*Eugene Clifford* and *Charles E. Shepard*, for defendants.

BUNN, J. This is a motion by plaintiff to remand the case to the state circuit court of La Crosse county, Wis., whence it originated. The action is brought by the plaintiff, a citizen of La Crosse, Wis., to recover $20,-000 damages alleged to have been sustained by reason of a tortious and unlawful levy upon his stock of goods made by the defendants under executions alleged to be unauthorized, and void, and which, with the judgments on which they were founded, were set aside by the state court. The defendants Simon Reid, Thomas Murdock, and August Fisher, in whose favor the levy was made, are wholesale merchants, residing in Chicago. Griffith J. Owen, their agent, resides in Columbia county, Wis., and Guy C. Prentiss and Charles B. Miller, their attorneys, reside at the city of La Crosse. The defendants Prentiss & Miller and Owen answer separately. After suit was brought in the state court for La Crosse county, and before the principal defendants, Reid, Murdock, and Fisher, had answered, they made petition to the said state court for the removal of the cause into this court—*First*, on the ground of diverse citizenship; and, *second*, on the ground of local influence and prejudice. And in May, 1888, an order of the court was made for such removal. The case has been noticed for trial once in this court by the defendant and a continuance had at the instance of the plaintiff. The plaintiff now moves to remand the case, for the reason that it is not a proper case for removal, on the ground of diverse citizenship of the parties, three of the defendants being citizens of Wisconsin, and of the same state as the plaintiff. And, second, that the application for removal on the ground of prejudice should be made to this court, and that before a removal can be had it must be made to appear in some way by evidence to this court that, from prejudice or local influence, the defendants asking for removal will not be able to obtain justice in the state court. Upon careful consideration I think the case should be remanded.

It is clear that, as regards the question of diverse citizenship as a sole ground of removal, this case does not come within the provisions of the statute, three out of six of the defendants being citizens of the same state with the plaintiff, and the controversy not being severable. The case in this respect is ruled by *Sloane* v. *Anderson*, 117 U. S. 275, 6 Sup. Ct. Rep. 730.

The remaining question is whether the petition makes a proper case for removal under the local prejudice act as it now stands, and I am of the opinion that it does not. The application was made after the act of March 3, 1887, had gone into effect; but the petition is framed according to the provisions of the removal act of 1867, continued in section 639, Rev. St., and as though that statute was still in force, and unchanged. But it seems inevitable that the provisions of section 2 of the act of 1887,

being wholly inconsistent with those of the old act, repeal them. By the former act, when a suit is between a citizen of the state in which it is brought, and a citizen of another state, it may be so removed on the petition of the latter, whether he be plaintiff or defendant filed at any time before the trial or final hearing of the suit, if before or at the time of filing said petition, he makes and files in said state court an affidavit stating that he has good reason to believe, and does believe, that, from prejudice or local influence, he will not be able to obtain justice in said state court. Section 2 of the act of 1887, as corrected by the act of August 13, 1888, provides as follows:

"And where a suit is now pending or may be hereafter brought in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state, may remove such suit into the circuit court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said circuit court that, from prejudice, or local influence, he will not be able to obtain justice in such state court, or in any other state court to which the said defdndant may, under the laws of the state, have the right on account of such prejudice or local influence to remove said cause."

It will be seen that this provision is quite different from the former provision in its scope and meaning, in that it limits and restricts the right of removal in at least two essential ways, besides providing, in effect, that the application shall be made to the circuit court of the United States instead of the state court where the action is pending. Under the old act plaintiff or defendant might remove the case, while under the present law the right is restricted to the defendant. Again, under the act of 1867, all that was essential to deprive the state court of jurisdiction and confer jurisdiction on the circuit court was for the applicant to file the necessary bond and to make an affidavit stating that he has good reason to believe, and does believe, that, from prejudice or local influence, he will not be able to obtain justice in said state court. When an application was made, accompanied by such an affidavit and bond, the jurisdiction of the state court ceased without even an order of removal being made. It was not essential that the fact of prejudice be made to appear, or that any evidence whatever should be adduced. It was enough to allege the belief of the applicant. The court had no inquiry and no finding to make, and no conclusion to come to. Now, looking at the act of 1887, if this radical change in the language means anything it must mean that the fact of the existence of local prejudice or influence must be made to appear to the circuit court. And how can the fact appear to the court except by legal evidence submitted either by the examination of witnesses or by affidavits? The case to be made is wholly different from that under the former law. Then it was not essential that any proof should be submitted, the fact itself not being essential. It was enough if the party could swear that he believed, which has never been taken as legal proof of a fact. In Wisconsin, where the provision is so ample for the removal of a cause from one state court to another, on account of prejudice, it should rarely happen that the party could make it appear to this

court that he could not obtain justice either in the court where the action is pending or in some other court where it might be removed under the laws of the state. By the laws of the state, upon the application of either party who shall make an affidavit that he has good reason to believe, and does believe, that he cannot have a fair trial on account of the prejudice of the judge, the place of trial must be changed to some county where the causes complained of do not exist. There is also ample provision for changing the place of trial when there is reason to believe that an impartial trial cannot be had in the county designated for that purpose in the complaint. See Rev. St. c. 119, §§ 2622–2625, etc. Now, in order to remove a case into this court under the present strict though just law, it must be made to appear to the court that from prejudice or local influence, the party will not be able to obtain justice in the state court where the action is pending, nor in any other state court to which the defendant may, under the laws of the state, have the right to remove the same. I apprehend that in this state it would rarely happen that a proper case for removal could be made under this law.

In the action at bar no case is made. There is, indeed, little attempt to comply with the present statute of removal. On the contrary, the application for removal seems to have been made on the assumption that the act of 1867 is still in full force, unrepealed and unmodified by the act of 1887. The application is made to the state court. The affidavit is made by defendant Reid, who swears that he believes, and has good reason to believe, and that each of his co-defendants believes, and has good reason to believe, that, from prejudice and local influence, he and his said co-defendants Murdock and Fisher will not be able, nor will any one of them be able, to obtain justice in the circuit court of Wisconsin for La Crosse county, in which the action was pending, or in any court of the state of Wisconsin, to which he and his said co-defendants might under the state laws remove the action. In view of the ample provisions made for the removal of actions for prejudice or local influence under the state laws this affidavit of Mr. Reid is the equivalent of swearing to his own belief, and to the belief of his co-defendants, that there was no court nor county in the state of Wisconsin where the defendants could have justice done them. Now, it is possible that such a state of facts might exist. It is highly probable, however, that he could obtain ample justice in any one of 40 or more counties in the state, allowing that he could not in La Crosse county, where the action was pending. Of course, if he could make the fact of such universal prejudice appear to this court he might yet obtain a removal; but this should be done upon notice and application to this court, supported by competent evidence to bring the case within the act of 1887. As nothing of the kind is attempted, but the motion to remand is resisted on the ground that the application for removal and affidavit already made are sufficient, the case must be remanded to the circuit court for La Crosse county, whence it came to this court. The adjudged cases under the act of 1887 are somewhat conflicting, but this is the only view I am able to reconcile with the language of the statute. See *Fisk* v. *Henarie*, 32 Fed. Rep. 417, 35 Fed. Rep. 230;

*Hills* v. *Railroad Co.*, 33 Fed. Rep. 81; *Short* v. *Railway Co.*, Id. 114; *Malone* v. *Railroad Co.*, 35 Fed. Rep. 625. It is contended by the defendants that the defect, if any, in the petition and affidavit have been waived by the plaintiffs continuing the case one term in this court. But I think the question is more jurisdictional. No case for removal has been shown to exist, and the court cannot take jurisdiction by consent of parties. The action is remanded.