CASE. 18—ACTION BY WILLIAM JONES' ADM'R AGAINST ILLINOIS CENT.
RY. CO. FOR CAUSING THE DEATH OF PLAINTIFF'S INTESTATE.—
MAY 6.

# Illinois Central Ry. Co. v. Jones' Adm'r.

APPEAL FROM LYON CIRCUIT COURT—THOMAS P. COOK, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

REMOVAL OF CAUSES—PETITION IN STATE COURT—REQUISITES OF PE-
TITION—PRIMA FACIE SHOWING—ISSUE OF FACT—JURISDICTION OF
FEDERAL COURT—WAIVER OF DEFECTS—MASTER AND SERVANT—
NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

1. Act Cong. March 3, 1875, c. 137, sec. 3, as amended by
Act March 3, 1887, c. 373, 24 Stat. 552, and Act August 13, 1888,
c. 366, 25 Stat. 433 (U. S. Comp. St. 1901, p. 508), provides that
a party desiring to remove a cause to the Federal court shall file
a petition for removal in the State court, with a sufficient bond,
and that the State court, shall then proceed no further. HELD,
that on a petition for removal it is the duty of the State court to
proceed no further than to satisfy itself as to the sufficiency of
the bond, where the petition, or the petition and the record to-
gether, show a *prima facie* right to removal, but such showing is
a condition of the Federal court's jurisdiction.

2. Act Cong. March 3, 1875, c. 137, sec. 3, as amended by Act March
3, 1887, c. 373, 24 Stat. 552, and Act August 13, 1888, c. 866, 25
Stat. 433 (U. S. Comp. St 1901, p. 508), provides that a party
desiring to remove a cause to the Federal court shall file a pe-
tition for removal in the State court, with a sufficient bond, and
that the State court shall then proceed no further; and section
5 provides that, if it appears to the Federal court that the suit
does not really involve a controversy within the jurisdiction of
such court, the suit shall be dismissed or remanded to the State
court. HELD, that where a petition for removal shows a remov-
able controversy, *prima facie*, any issue as to the truth of the
facts stated in the petition is to be determined by the Federal
court.

3. Where a State court orders a removal on an insufficient petition,
the party aggrieved may prosecute an appeal to the appellate
court of the State to have the order reviewed.

4. Where the petition filed in the State court does not show *prima*

*facie* that there is a removable controversy, the jurisdiction of the Federal court can not be conferred by consent or by any appearance, or even by a trial therein.

5. The fact that a brakeman took part in the making of a flying switch which was prohibited by the rules of the company, would not prevent his recovery for injuries received at that time, owing to the negligence of the engineer and conductor, where the flying switch was ordered by the brakeman's superiors.

6. The sudden starting of a train without warning, and without a signal from a brakeman, who was trying to uncouple certain cars in the train, presented a case of actionable negligence as to the brakeman.

7. In an action against a railroad for the death of a brakeman, there was no evidence that the engineer and conductor knew that deceased was between the cars or was required to be between them at the time when they moved the train, but it was shown that he was to uncouple cars from the rear of the train, which was moving slowly, and that he could have done it with a lever worked from the side of the car. HELD, that an instruction that if they knew of decedent's peril, or by the exercise of ordinary care might have known of it, then his contributory negligence was no defense, was erroneous, since they were not required to anticipate that deceased might be negligent.

J. M. DICKINSON, PIRTLE & TRABUE & COX, E. H. JAMES, P. H. DARBY AND JNO. C. GATES, ATTORNEYS FOR APPELLANT.

(The only brief in the record for appellant is a supplemental brief by Jno. C. Gates.)

Our contention is:

1. That the appellee in entering his appearance to this action in the United States Circuit Court and entering a motion to dismiss the action without prejudice, dismissed the action in both courts.

2. If the order of the United States Circuit Court sustaining appellee's motion to dismiss his action without prejudice operated as a dismissal, it seems clear that the amended answer of appellant, pleading the motion and dismissal, should have been permitted and was conclusive of this action.

3. Upon the merits of the case we submit that the cars, the train being operated when the accident occurred, were supplied with automatic couplers, so that there was no necessity for deceased to go between the cars to couple them, and by doing so, he assumed the risk and was thereby guilty of such contributory negligence as to preclude any recovery for his death.

## AUTHORITIES CITED.

Stephenson, Adm'r v. I. C. R. R. Co., 75 S. W. 260, (25 R., 442); McDowell v. C. O. & S. W. R. R. Co., 90 Ky., 346; Georgetown Water Co. v. Central T. H. Co., 16 R., 125; Howe v. Stephenson, 84 Ky., 576; Richardson v. Lewis, 10 R., 225; 20 Am. & Eng. Ency. of Law, 145; 1 Shearman and Red. on Negligence, sec. 207; Shannon, Adm'r v. L. & N. R. R. Co., 24 R., 1083; L. & N. R. R. Co. v. Fox's Adm'r., 20 R., 83.

HENDRICK & MILLER AND MALLORY & UTLEY, ATTORNEYS FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. This action is joint, and not separable, and the plaintiff and two of the defendants live in this State, and the action is, therefore, not removable, and the Federal court had no jurisdiction. Dixon's Adm'r v. C. & O. Ry. Co., 179 U. S., 131; Pugh v. C. & O. Ry. Co., 19 R., 149; C. & O. Ry. Co. v. Dixon's Adm'r., 20 R., 762; Kanes v. City of Indianapolis, 87 F. R., 770; Winston's Adm'r v. I. C. R. R. Co., 23 R. 1283; Also former opinion in this case to-wit: Jones', Adm'r v. I. C. R. R. Co., 66 S. W. Rep., 609;

2. The former decision in this case is the law of this case. "On a second appeal, the decision on a former appeal, whether right or wrong, is the law of the case." Merchants' Despatch v. Hoskins, 19 R., 153; L. & N. R. R. Co. v. Survant, 19 R., 1576; Schmetzer v. L. & N. R. R. Co., 19 R., 1713; Com. v. L. & N. R. R. Co., 20 R., 351; L. & N. R. R. Co. v. Ricketts, 21 R., 662; Lan. Ins. Co. v. Monroe & Co., 21 R., 782; Brashears v. Letcher Co. Ct., 21 R., 1250; Freeman v. Mills, 22 R., 859.

3. The Federal court did not have original jurisdiction of this action, or of the subject of this action, and the action can not be removed unless it is an action of which the Federal court is given original jurisdiction by the first section of the removal act of August 13, 1888; and the question of the jurisdiction of the Federal court "is a question of the jurisdiction as such and can not be waived," and, therefore, the filing of copies of the record in the Federal court as to the action against the Illinois Central Railroad Company, and the act of the plaintiff in moving to remand and then dismissing without prejudice in the Federal court, did not waive his right in the State court, nor deprive the State court of its jurisdiction. 1st and 2d sections Removal Act, August 13, 1888; Chas. G. Pepper, etc. v. Samuel W. Fordyce, etc., 119 U. S., 469 (L. ed. 435); Mexican Nat. R. R. Co. v. Davidson, 157

U. S., 201 (39 L. ed. 672); Tennessee v. Union & Planters' Bank, 152 U. S., 453 (38 L. ed., 511-514); Capron v. Noorden, 6 U. S., 2 Cranch, 126 (2, 229); Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S., 379 (28, 462); Metcalfe v. Watertown, 128 U. S., 586 (32, 543.)

4. The State court had the right to refuse to surrender its jurisdiction in this case, as the whole record taken together failed to show upon its face that the case was removable, and "the jurisdiction of the Federal court could not attach until it became the duty of the State court to proceed no further." Crehore v. O. & M. R. R. Co., 131 U. S., 240 (33 L. ed 144); Stone v. South Carolina, 117 U. S., 430 (29-962); Phoenix Ins. Co. v. Pechner, 95 U. S., 183 (24, 427): Stevens v. Nichols, 130 U. S., 230 (32, 914); C. & O. Ry. Co. v. Dixon, 179 U. S., 131.

5. Motions for peremptory instruction were overruled, as the evidence plainly shows negligence on the part of the engineer and conductor in charge of the train that killed the plaintiff's decedent, and it was necessary for defendants to introduce testimony to explain and contradict this, and the testimony introduced by defendants, taken entirely in itself, showed their negligence.

6. The instruction refused as to contributory negligence was properly refused, because it relieved the engineer and conductor of all duty or obligation to know or inquire whether or not the brakeman was still between the cars, or whether or not he had uncoupled them and was ready; and the instruction given by the court which told the jury in substance that Jones' contributory negligence would not defeat his right to recover, "if the Illinois Central Railroad Company, through its agents and servants in charge and management of its train, or the defendant, F. P. Coburn, or the defendant, J. D. Wilson, knew, or could have known by the use of ordinary care and attention, in time to have prevented it, of the peril in which the deceased by his own negligence had placed himself, and then failed to avoid the injury," was correct, notwithstanding it may have been somewhat awkwardly constructed; and even if it was error to require defendants to use ordinary care to know of the situation of Jones, it was harmless error, because the evidence plainly shows they did know he was between the cars, and that the train was moved while he was there without a signal from him. It is contended, however, for appellee, that, when the engineer and conductor knew that Jones was in the performance of the duty of uncoupling the cars, it was their duty to use ordinary care to discover whether or not he had uncoupled them, and to see that he was free of danger before starting the train:

OPINION OF THE COURT BY JUDGE O'REAR.—REVERSING.

On a former appeal (66 S. W., 609) we held that the petition by appellant, the Illinois Central Railroad Company, for the removal of this cause into the United States Circuit Court, did not show, nor did the whole record show on its face, a separable controversy, and therefore that the lower court did not err in refusing to order the removal. After the motion for removal had been overruled in the State court, appellant filed a transcript of the record in the United States Circuit Court for the District of Kentucky, at Paducah. Appellee appeared in that court and moved to remand the case. The order of the court overruling the motion to remand recited that it was upon evidence heard. What the evidence was, the record does not show. Time was given by the order in that court to appellee to file a bill of exceptions, and to the defendant to file its answer, and to the plaintiff (appellee) time thereafter in which to reply. At a subsequent term of that court, appellee appeared, and dismissed his petition, without prejudice. In the meantime the case in the State court was being proceeded with. Upon the return of the case from this court, appellant offered to file a supplemental answer alleging the filing of the transcript in the United States Circuit Court, and the various steps taken therein, including the dismissal of the petition without prejudice. The court refused to permit the amendment, or the exhibits, copies of the proceedings in the federal court, to be filed. That action is one of the grounds now urged for a reversal of the judgment.

Appellant contends that as there was but the one action, when it was removed into the United States Circuit Court by the filing of the transcript, and by the overruling in that court of the motion to remand, thereafter an appearance by

the plaintiff (appellee) was a waiver of the question of jurisdiction over his person, if there was such question, and the subsequent dismissal of the action without prejudice was actually a dismissal of the identical action now being tried. On the other hand, appellee contends that unless the United States Circuit Court had jurisdiction of the subject-matter, to-wit, a controversy involving more than $2,000, wholly between citizens of different States, or was separable, so that when separated it would constitute such an action, jurisdiction could not be conferred upon that court by waiver or consent; that therefore all proceedings there were void.

Under the act of Congress (sections 2, 3, Act March 3, 1875, c. 137; sections 1-10, as amended, Act March 3, 1887, c. 373, 24 Stat., 552; Act August 13, 1888, c. 866, 25 Stat., 433 [U. S. Comp. St., 1901, p. 508]), if the petition for removal be filed in the State court in due season, and be accompanied by sufficient bond and motion, and if the petition states facts showing, or if it and the record together then show, a *prima facie* right to the removal by the petitioner, it is the duty of the State court to proceed no further than to satisfy itself as to the sufficiency of the bond. The proper practice then is for the other party, if dissatisfied, to controvert in the federal court the facts alleged in the petition for the removal, and have the case then remanded, if improperly removed. If the State court orders this removal upon an insufficient petition, the party aggrieved may also prosecute an appeal at once to the State appellate court to have the order reviewed.

In recent years the right of removal has been more frequently and stubbornly resisted, and, without doubt, artful subterfuges have been resorted to by pleaders to control the question of jurisdiction. When that question depends upon a fact properly made an issue, the ascertainment of such fact

is necessarily within the sole jurisdiction of the United States courts, and their determination of jurisdictional facts is conclusive, binding alike upon the parties and State courts. If the facts properly alleged in the petition for removal of this case showed such a separable controversy between appellant railroad company, a citizen of Illinois, on the one side, and appellee, a citizen of Kentucky, on the other, which could and ought to be tried without regard to the presence of or right to have either of the other defendants joined in the suit, then the federal court had jurisdiction of this case. But whether, upon the facts stated in the petition and record, there was presented a federal case, was within the jurisdiction of the State court to adjudge. Kansas City, etc., R. R., Co. v. Daughtry, 138 U. S., 298, 11 Sup. Ct., 306, 34 L. Ed., 963; McDonald v. Salem Capital Flourmill Co. v. (C. C.), 31 Fed., 577; Burlington, C. R. & N. Ry. Co. v. Dunn, 122 U. S., 513, 7 Sup. Ct., 1262, 30 L. Ed., 1159; Stone v. South Carolina, 117 U. S., 430, 6 Sup. Ct., 799, 29 L. Ed., 962.

While the State courts can not inquire whether the facts alleged in the petition for removal are true, yet, when the petition for removal and the record do not show a *prima facie* right to the removal, the State court may refuse to surrender the case, and will proceed to its trial. Filing a copy of the record in the Federal court upon such an insufficient petition does not, in our opinion, give the latter court jurisdiction to try the question of jurisdictional facts. If both the State and federal courts could try the same facts as to jurisdiction, different conclusions might be reached, and unseemly conflict and confusion result. To avoid these, the Congress has wisely made the condition of the federal court's jurisdiction to depend upon the filing in the State court, in due time, of a petition, in which, according to the unbroken current of the decisions of the federal courts construing the

Illinois Central Ry. Co. v. Jones' Adm'r.

act, all necessary facts to show *prima facie* a right in the petitioner for the removal must be set out, not as conclusions of law, or such necessary facts must affirmatively and explicitly appear elsewhere in the record when the application to the State court for the removal is made. Crehore v. Ohio, etc., R. Co., 131 U. S., 240, 9 Sup. Ct., 692, 33 L. Ed., 144; Freeman v. Butler (C. C.), 39 Fed., 1 (opinion by Barr, District Judge); Seddon v. Virginia, T. .& C. S. & I. Co. (C. C.), 36 Fed., 6 1 L. R. A., 108; Jackson v. Allen, 132 U. S., 27, 10 Sup. Ct., 9, 33 L. Ed., 249; Smith v. Horton (C. C.), 7 Fed., 270; Amory v. Amory, 95 U. S., 186, 24 L. Ed., 428; Weed Sewing Machine Co. v. Smith, 71 Ill., 204; Chester v. Chester (C. C.), 7 Fed., 1; Burlington, etc., Ry. Co. v. Dunn, 122 U. S., 517, 7 Sup. Ct., 1262, 30 L. Ed., 1159; Railway Co. v. Ramsey, 22 Wall., 322, 22 L. Ed., 823; Grace v. American Central Ins. Co., 109 U. S., 278, 3 Sup. Ct., 207, 27 L. Ed., 932; Gold W. & W. Co. v. Keyes, 96 U. S., 199, 24 L. Ed., 656; Carson v. Dunham, 121 U. S., 421, 7 Sup. Ct., 1030, 30 L. Ed., 992; Removal Cases, 100 U. S., 457, 25 L. Ed., 593; Yulee v. Vose, 99 U. S., 539, 25 L. Ed., 355. The truthfulness of these facts may then, and not till then, be inquired into in the federal court. As the petition for the removal and the record in this case did not, in our opinion, state facts sufficient to confer jurisdiction upon the United States Circuit Court, that tribunal had not the right to inquire into their truthfulness, nor to hear evidence as to other facts not alleged in the record or the petition for removal, and, by adding such evidence to the insufficient allegations, find the needed jurisdictional facts. Applying these principles to this case, the United States Circuit Court never had jurisdiction of this action for any purpose. Nor can such jurisdiction be conferred by consent or appearance, or even a trial therein without objection on the merits of the case. Peper v. Fordyce, 119 U. S., 469

7 Sup. Ct., 287, 30 L. Ed., 435; Mexican National R. R. Co. v. Davidson, 157 U. S., 201, 15 Sup. Ct., 563, 39 L. Ed., 672; Southworth v. Reid (C. C.), 36 Fed., 451; Kingsbury v. Kingsbury, 3 Biss., 60 Fed. Cas., No. 7,817; Re Hopkins, 18 Nat. Bank. Reg., 339 Fed. Cas., No. 6,686.

The recent case of Stephenson's Admr. v. I. C. R. R. Co. (25 R., 2011), 75 S. W., 260, seems to be in conflict with the conclusion now reached, and the reasons assigned therefor. The question of jurisdiction herein discussed was not considered or presented in that case. But in so far as it is in conflict with the principles of this opinion, it will no longer be regarded as authority.

It follows that the ruling of the trial court was correct, in refusing the amended or supplemental answer setting up the proceedings in the United States Circuit Court, as the matter thus attempted to be pleaded did not constitute a defense, and was wholly immaterial to the case.

This suit charges appellant railroad company and the conductor and engineer of one of its trains with negligently killing appellee's intestate. The negligent acts charged are that, in attempting a running or flying switch, appellee's intestate, a brakeman on the train, while uncoupling the cars to be switched off, was run over by being thrown under the cars by the negligence of the company's engineer and conductor in starting up the engine too suddenly and without warning. There was evidence to show that the train crew, with the concurrence of the engineer and conductor, were attempting what some of the witnesses called a flying or running switch. This was prohibited by a rule of the company, because of its danger to those who engaged in it. That the decedent voluntarily took part will not alone prevent his recovery, if his superiors ordered it, and then negligently failed to take ordinary care required by the circumstances to avoid injuring him. To

start the train suddenly and without warning, and without a signal from him, while he was trying to uncouple the cars, whereby he was injured, presented a case of actionable negligence. Whether he was guilty of contributory negligence is not so clearly shown, though it should have been, and was, submitted to the jury. The motion for a peremptory instruction was properly overruled.

But we are of opinion that the court erred in defining the law of contributory negligence to the jury. After telling them that if the decedent was himself, at the time of his injury, guilty of such negligence that but for it he would not have been injured, notwithstanding defendants' negligence, if they were negligent, yet the court said to the jury that if the defendants knew of decedent's peril, or by the exercise of ordinary care might have known of it, in time to avoid injuring him, then his contributory negligence was unavailing as a defense. If the defendants knew of the peril of the decedent in time to have avoided injuring him, unquestionably his contributory negligence was immaterial. Appellants were not aware, so far as anything in the record shows, that decedent was between the cars, or was required to be between them. It merely showed that he was to uncouple and did uncouple the two cars from the rear of the slowly moving train. This was done, or could have been done, by a lever worked from the side of the car. Whether he had unnecessarily and negligently gone between the cars, or was negligently leaning his weight on the front car when he was doing the work, is not shown to have been known to either the conductor or engineer. Nor were they required to suspect it and to look out for it. One is not bound to anticipate that another may be negligent.

For the error indicated, the judgment is reversed, and the cause is remanded for a new trial.

Petition for modification by appellant overruled.