Case 7.—ACTION BY GEORGE AYLES AGAINST THE SOUTHERN RAILWAY AND OTHERS TO RECOVER DAMAGES FOR PERSONAL INJURIES.—September 22.

## Ayles v. Southern Railway, &c.

Appeal from Jefferson Circuit Court, Common Pleas Branch (2d Division).

THOS. R. GORDON, Judge.

From an order removing the case to the Federal Court the plaintiff appeals. Reversed.

Action for Damages—Transfer to Federal Court—Separable Action—In this action the petition alleging that the Southern Railway in Kentucky and others were agents and servants of the Southern Railway, the Virginia corporation, the owner of the road and its equipments, and they were the agents whose duty it was to keep in repair the cars and appliances of appellee, and that they had assured appellant that the engine upon which he was placed was in good repair and safe condition, when at the time they knew such engine and appliances were not in good repair, and that by reason thereof he sustained the injuries complained of. In view of these facts the action was not separable and it was error for the lower court to transfer the case to the Federal court.

W. M. SMITH for appellants.

B. H. YOUNG of counsel.

A removal to the Federal court is sought herein under sec. 629 of the Judiciary Act, sub-sec. 2, p. 509 of the Compiled Statutes of the United States, 1901.

Following the defendant's line of argument in the lower court, the following questions are presented for the consideration of this court, on this appeal, in order to determine as to whether or not the removal was properly had:

1. Does the petition state a joint cause of action against said defendants?

By sec. 241 of the Constitution of Kentucky and sec. 6 of the

Ky. Stats. it is provided.that a recovery where death occurs may be had from the person or persons, company or companies, corporation or corporations, their agents or servants causing the same.

We submit this constitutional provision and statutory enactment, relating only to cases of death, do not affect the doctrine of joinder in this State as held by this court, in cases where only injury results, and it is respectfully submitted on this proposition that this action, as shown by the record, is not separable.

2. It is contended by defendant that because the petition sets up the contract as between the Southern Railway Company and the Southern Railway Company in Kentucky, that the action is, therefore, based upon said contract, and not in tort.

We submit that the contract set up herein as between the Southern Railway in Kentucky and the Southern Railway, the Virginia corporation, is merely stated for the purpose of establishing the relation between said two corporations, which relation was attended with a duty, and which duty was violated. Said contract is alleged as what is commonly called an inducement, and the action is not in assumpsit for the breach of a contract, but in tort for a wrong done by reason of the failure to discharge a known duty.

3. It is contended by appellee that the injury complained of in the petition is too remote to authorize a recovery as against defendants.

It is respectfully submitted that this question is not one that can be properly raised or considered on a motion to remove the case from the State court to the Federal court. It is a question that goes to the merits of the case, and not a jurisdictional one.

4. Do the allegations in the petition for a removal, "denying the joint negligence and charging that defendants were joined for the fraudulent purpose of depriving defendant of the right of removal to the Federal court," constitute sufficient grounds for a removal?

### AUTHORITIES CITED.

1. Madinsonville Traction Co. v. St. Bernard Mining Co., 25 S. W., 253; Chesapeake & Ohio R. R. Co. v. Dixon, 179 U. S., 333 (L. Ed., 123); C., N. O. & T. P. Ry. Co. v. Cook's Adm'r, 67 S. W., 383; Pugh v. C. & O. R. R. Co., 101 Ky., 77; I. C. R. R. Co. v. Jones' Adm'r, 26 Ky. Law Rep., 31; Rutherford v. I. C. R. R. Co., 27 Ky. Law Rep., 397; L. & N. R. R. Co. v. Wanglin, 132 U. S., 599; Blackburn v. Portland F. & M. Co., 175 U. S., 281; Bushnell v Cook, 148 U. S., 682; Maysville Gas Co. v. Thomas' Adm'r, 25 Ky. Law Rep., 403; Winston's Adm'r v. I. C. R. R. Co., 23 Ky. Law Rep., 1283; C. & O. R. R. Co v. Dixon's Adm'r, 20 Ky.

Ayles v. Southern Railway, &c.

Law Rep., 792; Warax v. C., N. O. & T. P. R. Co., 72 Fed., 637; Hukill v. Maysville & B. S. R. Co., 72 Fed., 745; C. & O. R. R. Co. v. Dixon, 179 U. S., 131 (L. Ed., 121).

2 L. & N. R. R. Co. v. Logsdon's Adm'r, 26 Ky. Law Rep., 457; Lampert v. Gas Light Co., 14 Mo. App., 376.

3. Labatt, vol. 2, p. 2224, sec. 805; U. P. R. R. Co. v. Callahan, 56 Fed. Rep., 588; Western & A. R. Co. v. Bailey, 105 Ga., 100-31, S. E., 547; Chicago G. W. Ry. Co. v. Price, 97 Fed. Rep., 423.

4. Rutherford v. I. C. R. R. Co., 27 Ky. Law Rep., 397; Winston's. Adm'r v. I. C. R. R. Co., 23 Ky. Law Rep., 1283; C. & O. R. R. Co. v. Dixon's Adm'r, 179 U. S., 131, 20 Ky. Law Rep., 792: Powers v. C. & O. R. R. Co., 169 U. S., 92; L. & N. R. R Co. v. Wanglin, 132 U. S., 599; Blackburn v. Portland F. & M. Co., 175 U. S., 281; Bushnell v. Cook, 148 U. S., 682; I. C. R. R. Co. v. Jones' Adm'r, 26 Ky Law Rep., 31.

HUMPHREY, HINES & HUMPHREY for appellees.

## STATEMENT OF POINTS.

1. Where there are two defendants, one nonresident and one resident, the nonresident can remove the case to the Federal court if the petition states no cause of action against the resident. (C., N. O. & T. P. R. R. Co. v. Robertson, 25 Ky. Law Rep., 266.)

2. A person under contract to inspect, clean and repair a machine for another can not be made liable to a third person in the absence of allegation that he knew at the time he delivered such engine that it was in a dangerous condition   (Simons v. Gregory, 27 Ky. Law Rep., 510.)

OPINION BY JUDGE NUNN—Reversing.

On the 15th of July, 1904, the appellant filed a petition in the   Jefferson Circuit Court against the appellees, Southern Railway Company, Southern Railway Company in Kentucky, Henry Snyder and John A. McDermott.   He alleged that the Southern Railway Company was a corporation organized under the laws of the State of Virginia; that it owned and operated a railroad, with its equipment, passing through the city of Louisville, the State of Indiana and on to the city of St. Louis, Mo.; that the Southern Railway Company in Kentucky was a Kentucky corporation;   that it had the power and authority to con-

struct, maintain and operate railroads in and through the city of Louisville, and to construct, operate and maintain repair shops in that city, both for the cleaning and repairing of its own machinery, engines and rolling stock, and that of other railroads, and particularly the Southern Railway Company; and at the time named it was so operating its roads and shops, and had entered into and was then under a contract of agreement with the Southern Railway Company by which it contracted and agreed, for a valuable consideration, to inspect, clean and keep in good repair the machinery, engines and rolling stock of the Southern Railway Company which might need cleaning, repairing or overhauling in the city of Louisville, Ky., and the machinery, engines and rolling stock that was to go out of the city of Louisville, Ky., to the city of St. Louis, Mo., along the route known as the "St. Louis Division of the Southern Railway Company." The petition continued as follows: "That defendants, Snyder and McDermott, and each of them, were on that date, and are now, residents and citizens of the county of Jefferson and State of Kentucky, and that they, and each of them, on said date were officers, agents, employes and servants of the defendant, the Southern Railway Company in Kentucky and the Southern Railway Company, and that on said date it was the duty of them, and each of them, as such officers, agents, employes and servants, to inspect, clean and keep in good repair the machinery, engines and rolling stock of said Southern Railway Company to be sent over said line from Louisville, Ky., to St. Louis, Mo., and to see that the machinery, engines and rolling stock of the Southern Railway Company was in good and safe repair and condition before same was permitted to go out over said line, and it was the duty of the said Snyder and

McDermott, and each of them, and they had authority, to designate, assign and direct what particular engineer was to pull any such train so sent out over said line.   Plaintiff says that on said date he was in the employ of the Southern Railway Company as engineer, and was then designated, assigned and directed by said Snyder and McDermott, and each of them, to pull as such engineer a passenger train so sent out over said line from Louisville, Ky., to Evansville, Ind., along the line of the St. Louis Division of the Southern Railway Company, with engine known as 'No. 2,002,' and that said Snyder and McDermott, and each of them, then informed and assured plaintiff that said machinery, engine and rolling stock of said train had been inspected, cleaned and repaired, as it was their duty to do, and was in good and safe repair and condition to make said trip; that plaintiff relying on said information and assurances given him by said Snyder and McDermott, and each of them, and their superior skill and knowledge, he, as it was his duty to do under his employment, took charge as engineer of said engine and began to pull said train as directed." He then continued, giving the particulars of his injuries and the cause thereof by reason of the defective engine and coupling, and then proceeded as follows: "He charges that said injuries were caused by the joint gross negligence of the Southern Railway Company, said Southern Railway Company in Kentucky, and said Henry Snyder and John A. McDermott, and other of its servants then and there in its employ, as he says that, when they started said engine No. 2,002 and said train of cars over said route, said coupling and the engine and cars were defective, out of repair and in an unsafe condition, of all of which all of said defendants knew at the time, or could have known by the use of ordinary

diligence; but they and all of them failed to inspect, clean and repair said machinery, engine and rolling stock, or to put it in a good and safe condition, as it was their duty to do before said train was sent out, and by reason thereof the plaintiff sustained the injuries aforesaid.''

On the 29th of the same month the Southern Railway Company, the Virginia corporation, filed its petition, with a bond, and sought to remove the cause to the United States Circuit Court for trial, upon the ground that it and the plaintiff were residents of different States, and that the amount in controversy was more than $5,000. It was alleged in the petition for removal that no cause of action was set forth in plaintiff's petition against its co-defendants, Henry Snyder, J. A. McDermott, or the Southern Railway Company in Kentucky, or any of them, and also that the controversy between the plaintiff and the petitioner was a separable one, which was wholly between citizens of different States, and could be fully determined as between them without the presence of any of the other defendants. It was further alleged, in substance, that the allegation made by the plaintiff that his injuries were the result of the joint negligence of the petitioner and its codefendants was untrue, and was known by the plaintiff to be untrue when he instituted the action, and that he did not expect to prove the allegation, or to obtain a verdict or judgment against any of the petitioner's codefendants, and that his reason for joining its codefendants with the petitioner as defendants was for the sole and only purpose of depriving the petitioner of its rights guaranteed by the Constitution and laws of the United States to remove the action to the United States Circuit Court. Upon the filing of this petition and bond, the court made an order removing the ac-

tion to the United States Circuit Court, and from this order appellant has appealed.

In the cases of I. C. R. R. Co. v. Jones' Adm'r, 118 Ky., 158, 80 S. W., 484, 26 Ky. Law Rep., 31, and Rutherford v. I. C. R. R. Co., 120 Ky., 15, 85 S. W., 199, 27 Ky. Law Rep., 397, it was in effect decided that the question of the purpose of one party to avoid the Federal court or the other to avoid the State court is immaterial.   The averments of the petition for the removal of the cause of action from a State to a Federal court must be restricted to matters of fact relating to the jurisdiction of the court, and all allegations concerning the merits of the case are superfluous and immaterial.   In view of these cases and the authorities therein referred to, the appellee concedes that the last paragraph in its petition does not set forth any cause for removal.

The contention of appellee's counsel to uphold the removal by the lower court is based upon the proposition that no cause of action is alleged against any of appellee's codefendants, and in support of this they refer to the case of C., N. O. & T. P. R. R. Co. v. Robertson, 115 Ky., 858, 74 S. W., 1061, 25 Ky. Law Rep., 266.

Appellee's proposition is correct, if no cause of action were stated in the petition against its codefendants.   In the case referred to it was nowhere alleged that Brown was supplied by the master with any other or better tubes than the one actually furnished to appellee, nor that Brown was supplied at all with a shield or shields by the master, so that he could in turn furnish them to the enginemen.   His sole duty in this regard was to furnish such tubes and shields as furnished by his master, and it was not alleged

or shown in the proof that he was guilty of any wrongful act whatever.

In the case at bar it is alleged that the Kentucky corporation, Snyder and McDermott, were the agents and servants of the appellee, the Virginia corporation, the owner of the road and its equipments, and they were its agents and servants whose duty it was, under contract and employment, to clean, repair and put in good, safe condition its engines, cars and appliances, and they had undertaken to perfom this duty, and had assured the appellant that they had put engine No. 2,002 and its appliances in good repair and safe condition, and placed the appellant in charge thereof, when at the time they knew, or by the exercise of ordinary diligence could have known, that the engine and its appliances were not in good repair and safe condition, and that by reason thereof he sustained the injuries complained of. Here the appellee's codefendants had a positive duty to perform, and they failed to perform it, and they misrepresented the facts to appellant, showing not only negligent acts and omissions on their part, but a positive wrong, for which they and their master are jointly liable; and under the authority of the case of Chesapeake & Ohio Railroad Co. v. Dixon, 179 U. S., 131, 21 Sup. Ct., 67, 45 L. Ed., 123, and the many cases therein cited, and other cases which it is unnecessary to cite, appellant's cause of action against the appellee was not separable.

For these reasons the judgment of the lower court is reversed and the cause remanded for further proceedings consistent herewith.