CASE 110—ACTION TO RECOVER DAMAGES FOR DEATH OF PLAINTIFF'S
INTESTATE—NOV. 19.

# Winston's Admr. v. Illinois Central R. R. Co., &c.

### APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FILING PETITION FOR REMOVAL OF CAUSE TO FEDERAL COURT
AND ACCEPTING BOND FOR REMOVAL, AND PLAINTIFF APPEALS—RE-
VERSED.

REMOVAL OF CAUSES—JOINDER OF RESIDENT WITH NON-RESIDENT TO
PREVENT REMOVAL—JOINDER OF NEGLIGENT SERVANT WITH MASTER.

1. A railroad corporation and its servants being jointly liable for
   an injury inflicted by the negligence of the servants in the
   course of their employment, the corporation, when sued jointly
   with the servants for damages on account of the injury, is not
   entitled to have the cause removed to the federal court, though
   it be a non-resident, and though the servants, who are res-
   idents of the State, were joined as defendants to prevent the
   removal of the cause.

2. Under Kentucky Statutes, section 6, providing that, when the
   death of a person shall result from an injury inflicted by negli-
   gence or wrongful act, "damages may be recovered for such
   death from the person or persons, company or companies, cor-
   poration or corporations, their agents or servants causing the
   same," an engineer and fireman, through whose negligence in
   running a train at a high rate of speed, another was killed, may
   be sued jointly with their master, the railroad corporation,
   to recover damages for the killing.

L. K. TAYLOR AND W. V. EATON, FOR APPELLANTS.

    In this action to recover damages for the death of plaintiff's
intestate, the I. C. R. R. Co., A. W. Sheppard and R. S. White
are sued jointly. The railroad company is a non-resident of
the State and Sheppard and White reside in McCracken county,
Ky. The defendant, railroad company, offered to file a peti-
tion and bond for the removal of the cause from the State
court to the Federal court. Over the plaintiff's objection said
petition was filed and the bond approved and filed, and the
court in the order filing same "declined to make any express
order for removal."

Two questions are here contended for by appellant, to-wit:

First. That the order filing the petition for removal and approving and filing the bond was final, and that because the filing thereof the action stood removed notwithstanding the court's refusal "to make an express order of removal."

Second. That the cause was not a removable one, and appellant complains of the error of the court in removing same.

The petition directly charges acts of negligence against defendants, Sheppard and White, who were the employes of the railroad company—engineer and fireman—and allege that by their negligence as the active agents of their co-defendant, in operating its train, plaintiff's intestate was run over and killed— so it is solely through their acts of negligence that the railroad company is liable and of course the railroad company is liable for the negligent acts of its agents and employes and under the statutes they are all jointly liable.

### AUTHORITIES CITED.

C. &. O. R. R. Co. v. Dixon's Admr., 20 Ky. Law Rep., 729; Mercer v. Glass Exr., 89 Ky., 199 Hall & Long v Ricketts, 9 Bush, 370; Black's Dillon on Removal of Causes, secs. 84; and 141; Powers v. C. & O. R. R. Co., 160 U. S., 92; Civil Code, sec 83; Kentucky Statutes, sec 6.

PIRTLE & TRABUE AND J. M. DICKINSON, FOR APPELLEES.

The only point we care now to make is, that the case was removed to the Federal court and that the circuit court properly declined to proceed further.

The right of removal is apparent upon the face of the petition for removal. An action is not joint simply because the plaintiff sees fit to sue several persons. The cause of action must be in its nature joint, and there must be actually several persons jointly liable.

The question whether or not the cause of action is, in its nature, joint, was determined, and we submit, correctly, by the circuit court.

It is alleged in the petition for removal that appellant united with appellee, as its co-defendants, A. W. Sheppard and R. S. White solely for the purpose of preventing the removal—and this question can be tried only in the Federal court. Warax v. C. N. O. & T. P. R. R. Co., 72 Fed. Rep., 637.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

The question here involved is whether this case is removable to the federal court by reason of diverse citizen-

ship, the Illinois Central Railroad Company being a non-
resident corporation, and its codefendants, A. W. Sheppard
and R. S. White, residents of McCracken county, Ky. It
was averred in the petition for removal that the plaintiff
made Sheppard and White defendants for the purpose of
preventing a removal of the case to the federal court. It
is immaterial what may have been the purpose of the
plaintiff in making them defendants with the railroad com-
pany, if the petition states a joint cause of action against
them. If the cause of action is joint, simply because the
plaintiff might have elected to proceed against the de-
fendant corporation alone, he does not lose his right to pro-
secute his action in the State court. If it was a tort, for
which the corporation and its codefendants are liable,
the codefendants being residents of McCracken county,
the State court had jurisdiction of the action, and the
defendant corporation was not entitled to removal. This
matter must be determined from the averments of the pe-
tition. It is averred by the plaintiff in his petition that on
August 31, 1900, the defendants, Sheppard and White, then
and now citizens of McCracken county, Ky., were in the
regular employ of the defendant, Illinois Central Railroad
Company; that on that day they were negligent in operat-
ing a train on its track; that while so operating it, act-
ing in the capacity of engineer and flagmen, respectively,
under the employment of the company, in the regular
course of business of the company, they did, as employes,
acting jointly together with the corporation, with gross
negligence run the train at an unusually high rate of speed
in the city of Paducah, and by reason of such negligence
forced and drove the train of cars against the decedent
with such force and violence that he sustained great bodily
injuries, from which he died. From the averments of the

petition the defendants, Sheppard and White, while acting as the agents and servants of their codefendant, the railroad company, by gross negligence destroyed the life of the plaintiff's intestate. The Constitution and statutes of this State, as construed by the repeated adjudications of this court, make the railroad company liable for the acts of the agents and servants in charge of its trains. If a servant is guilty of such negligence, while acting for his master as will make the master responsible, then in such a case the servant is personally and equally responsible with the master for the damage resulting from the negligent act. The mere fact that the master may be responsible for the wrongful act of the servant does not relieve the servant from a joint liability with the master for the wrongful act which produced the injury and damage. In the case of Railroad Co. v. Dixon's Adm'x, 20 Ky. Law Rep., 792 (47 S. W., 615), the court had under consideration a similar question to the one here involved. While Chalkey and Sidles, engineer and fireman, respectively, were operating a train at an unusually rapid rate of speed, it collided with Dixon, and killed him. They were residents of the State, and were sued jointly with the railroad company. This court held that they were jointly liable with the master for the negligent act of killing, the employes being guilty of the negligence by reason of which the master was also jointly liable with them therefor. In that case as in this, in the petition for removal of the case it was averred that the employes were made parties defendant for the single purpose of preventing a removal of the case by the railroad company to the circuit court of the United States. The court said: "It is not material that, as alleged in the petition for a transfer of this case, Chalkey and Sidles were made parties defendant for the

single purpose of preventing the removal of the case by the
Chesapeake & Ohio Railroad Company to the circuit court
of the United States for the district of Kentucky, or what
may have been the motive of the plaintiff for bringing a
joint action, unless they were wrongfully and illegally
joined; and such is the doctrine as settled by the supreme
court of the United States." From that judgment an ap-
peal was prosecuted to the supreme court of the United
States, and the judgment was there affirmed, the court
holding that there was a joint liability for the injury in-
flicted by the negligence of the employes. Railroad Co.
v. Dixon, 179 U. S., 131, 21 Sup. Ct., 67, 45 L. Ed., 121.
In Powers v. Railroad Co., 169 U. S., 92, 18 Sup. Ct., 264,
42 L. Ed., 673, it was said: "It is well settled that an
action of tort, which might have been brought against
many persons or against any one or more of them, and
which is brought in a State court against all jointly, con-
tains no separate controversy which will authorize its re-
moval by some of the defendants into the circuit court of
the United States, even if they file separate answers and
set up different defenses from the other defendants, and
allege that they are not jointly liable with them, and that
their own controversy with the plaintiff is a separate one;
for, as this court has often said: 'A defendant has no
right to say that an action shall be several which the
plaintiff seeks to make joint. A separate defense may de-
feat a joint recovery, but it can not deprive a plaintiff of
his right to prosecute his suit to final decision in his own
way. The cause of action is the subject-matter of the con-
troversy, and that is, for all the purposes of the suit, what-
ever the plaintiff declares it to be in his pleadings.' Pirie
v. Tvedt, 115 U. S., 41, 43, 5 Sup. Ct., 1034, 1035, 29 L. Ed.,
331, 332; Sloane v. Anderson, 117 U. S., 275, 6 Sup. Ct.,

730, 29 L. Ed., 899) ; Little v. Giles, 118 U. S., 596, 600, 601, (7 Sup. Ct., 32, 35, 30 L. Ed., 269, 271) ; Railroad Co. v. Wangelin, 132 U. S., 599 (10 Sup. Ct., 203, 33 L. Ed., 473) ; Torrence v. Shedd, 144 U. S., 530 (12 Sup. Ct., 726, 727, 36 L. Ed., 528, 531) ; Connell v. Smiley, 156 U. S., 335, 340 (15 Sup. Ct., 353, 354, 39 L. Ed., 443)." Section 6, Kentucky Statutes, provides: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case, damages may be recovered for such death from the person or persons, company or companies, corporation, or corporations, their agents or servants, causing the same, and when the act is willful or the negligence is gross, punitive damages may be recovered, and the action to recover such damages shall be prosecuted by the personal representative of the deceased." By the terms of this section, where death results from the negligent act, a recovery may be had therefor against the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same. In this case the petition alleges a joint cause of action, "and a defendant has no right to say that an action shall be several which the plaintiff seeks to make joint." Under section 6, Kentucky Statutes, the plaintiff has a right to proceed severally or jointly against those who are liable for the injury inflicted resulting in death. The court below erred in allowing the petition to be filed and in accepting the bond, as the appellee railroad company was not entitled to have the case removed

The judgment is reversed for proceedings consistent with this opinion.