Rutherford v. Illinois Central Railroad Company, &c.

---

Case 3.—ACTION BY SALLIE A. RUTHERFORD AGAINST THE ILLINOIS CENTRAL RAILROAD COMPANY FOR PERSONAL INJURIES.—March 1.

## Rutherford v. Illinois Central Railroad Company, &c.

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

From an order removing the cause to the Federal Court, plaintiff appeals. Reversed.

| 120 | 15 |
| e121 | 65 |
| 120 | 15 |
| 126 | 267 |
| 127 | 228 |
| 120 | 15 |
| 128 | .739 |
| 120 | 15 |
| f133 | 70 |

Removable of Causes—Joint Action—Concurring Negligence—Separable Causes—Petition for Removal—Conclusions of Pleader—Jurisdictional Facts—Wrongdoers—Joint and Several Liability.

1. Joint Action—Concurring Negligence—Separable causes—Peti-

tion for Removal—Conclusion of Pleader—Where a joint action for personal injuries was filed against a foreign corporation and three of its resident employes, alleging that the injuries were caused by the joint and concurring negligence of the Company and its co-defendants, as its agents and employes, in the operation of a railroad train, on which plaintiff was a passenger, a petition by the corporation for removal of the cause to the United States Circuit Court, which alleges that its co-defendants were joined with it, for the sole and fraudulent purpose of preventing a removal of the action from the State court, and that all the statements in the petition as to such co-defendants are untrue, amounts to nothing more than a conclusion of the pleader, and does not state a single fact from which the court might determine that the cause of·action is separable.

2. Jurisdictional Facts—In a petition by a non-resident defendant, sued jointly with resident defendants, for the removal of the action from the State court to the United States Circuit Court, a denial therein of the alleged negligence of its co-defendants, and an allegation of the purpose of the plaintiff in joining its agents and servants as defendants with it, was for the fraudulent and wrongful purpose of defeating the jurisdiction of the United States Circuit Court, are conclusions of the pleader; and do not state a single jurisdictional fact.

3. Wrongdoers—Liability—Joint and Several—It is a well-established rule that for an injury inflicted by two or more wrongdoers an action may be maintained against one or all of them. The liability is joint and several, and the injured party can elect whether he will proceed against one or all of them.

LEE & HESTER for appellants.

1. The questions of law presented are these:

(1.) Was there a joint, or separable, cause of action stated in plaintiff's petition?

(2.) Does the railroad petition for removal plead facts showing cause for removal?

We will consider these questions together.

The petition for removal does not claim that its co-defendants were not citizens of Kentucky. They were served with summons in Kentucky, and, as said in case of Wolf v. Glenn, &c., 8 Ky. Law Rep., 425, are presumed to be residents of the place where summoned. And you will note the petition for removal does not deny its co-defendants were its agents in charge of the train and caused the injury, but denies they negligently injured her. So, adopting the established rule of construing a pleading against the

pleader, its denial that its co-defendants negligently hurt her is not a denial that they hurt her, but simply a denial of negligence, which is not a jurisdictional question, but one as to the merits.

. 2. The same can be said of its plea that they were joined for the sole purpose of fraudulently preventing a removal, which does not raise the question of fraud in fact, but the legal question of a right to join those who are jointly liable, to prevent a removal; thereby seeking to question plaintiff's motive in doing a lawful act.

3. Taking the facts admitted by failure to deny them, "that these agents had charge of the train, and so operated it that she was hurt, and they are citizens of Kentucky with plaintiff," the charge of fraud is merely a legal conclusion of the pleader's construction of the law, that, while it is true they were the joint cause of the injury, still she would not have sued them except to prevent a removal of the suit.

4. We think the plea of fraud is insufficient as plead. It simply charges it was fraudulent to join the co-defendants for the sole purpose of preventing a removal to the Federal court; and as appellant had the legal right to join all the parties, the cause of action being joint, her motives can not be questioned.

5. An answer denying that an injury was inflicted through the carelessness or negligence, or by the fault, of defendant, does not deny the damage or injury. (South Cov., &c., Ry. Co. v. Herrklotz, 94 Ky., 400, 20 Ky. Law Rep., 750.)

### AUTHORITIES CITED.

Winston's Adm'r v. I. C. R. R. Co., 23 Ky. Law Rep., 1284; C. & O. R. R. Co. v. Dixon's Adm'x, 20 Ky. Law Rep., 792, 179 U. S., 131; Powers v. Chesapeake & Ohio R. R. Co., 169 U. S., 92; Burks v. Wonterline and Wife, 6 Bush, 21; McClellan v. Strong, Litt. Select Cases, 203; Boughner v. Black's Adm'r, 7 Ky Law Rep., 563; McCarty, &c. v. Payne, &c., 5 Ky. Law Rep., 242; Wolf v. Glenn, &c., 8 Ky. Law Rep., 425; Black's Dillon on Removal of Causes, sections 76 and 77; Thompson v. Chicago, St. P. & K. C. Ry. Co., et al, 60 Fed. Rep., 773.

ROBBINS & THOMAS for appellee.

1. It is the universal and undisputed rule that a cause of action stands ipso facto removed if a proper petition for removal is filed within the time allowed by the Federal statute, and it is equally a universal rule that questions of fact made by the petition for removal can not be inquired into by the State court, but can be inquired into by the Federal court only.

2. Issues of fact made by the petition for removal must be tried in the Federal court; and, second, whensoever it appears first

by allegation in the petition for removal that the joinder of the defendants was fraudulently made to prevent jurisdiction of the Federal court, or that the averments in the complaint setting up the cause of action as to liability against the defendants were so unfounded in fact and incapable of proof as to justify the inference that they were not made in good faith, then a prima facie cause of removal is shown to exist. These allegations in the petition for removal will likewise have to be proved, provided they are denied, just as Mr. Black and the other authorities quoted from say when they say that these allegations must appear by allegation and proof. The very question in this case is as to where shall that proof be heard. Appellant seems to conclude that it can be heard by the State court; our contention being that only the Federal court can hear it.

3. It is furthermore alleged in the petition for removal herein that the cause of action which the plaintiff has against the railroad company is separable. This likewise raises an issue of fact. We have not referred in this brief to the paper which plaintiff filed in response to our petition for removal, called an answer, because if, when the petition was filed, a prima facie removable case was made, thereby, the State court lost jurisdiction, and could not under the authorities investigate the facts, and, therefore, such a plea or answer, or whatever it may be denominated, should be filed in the Federal court on a motion to remand.

### AUTHORITIES CITED.

Black's Dillon on the Removal of Causes, sections 191, 76; 107 U. S., 463; 122 U. S., 513; 131 U. S., 240; 26 Ky. Law Rep., 31; 128 Federal Reporter, 85; 119 Federal Reporter, 209; 130 Federal Reporter, 395; 187 U. S., 70; 179 U. S., 135; 132 U. S., 601; 118 U. S., 270; 72 Federal Reporter, 637; 120 Federal Reporter, 389.

OPINION BY JUDGE NUNN—Reversing.

The appellant, Sallie A. Rutherford, filed her petition in the Graves Circuit Court against the appellee, Illinois Central Railroad Company, and George F. Mullinix, Tom Hudson, Tom Caulder and C. H. Hendrix, in which she alleged, in substance, that on or about the 15th day of July, 1904, she bought a ticket and took passage on one of appellee's trains at Fulton, Ky., for her home, at Mayfield, Ky.; that she was a passenger upon this train, and was entitled to be con-

veyed to her home with care and safety; that appellee had its co-defendants, Mullinix, Hudson, Caulder and Hendrix, its agents, servants and employes, in charge of this train; and that they so negligently managed and operated it as to cause the coach in which she was riding to be suddenly and unnecessarily jerked and bumped, and this was done in such a violent and reckless manner that it threw her violently against a seat and other objects in the coach, thereby injuring her both externally and internally, wounding and bruising her so that her health has been permanently impaired, for which she prayed judgment for $5,000 against all of the defendants. All the defendants were duly served with process. The appellee appeared within the proper time, and filed its petition and a bond, and sought a removal of the action to the United States Circuit Court. This petition, omitting the formal parts, is as follows: "Your petitioner further alleges and shows that the cause of action attempted to be set up in the plaintiff's petition against it and the other defendants is separable, and is wholly a controversy between citizens of different States, viz., the plaintiff, Sallie A. Rutherford, a citizen and resident of the Commonwealth of Kentucky, and your petitioner, the Illinois Central Railroad Company, a citizen and resident of the State of Illinois. Your petitioner further alleges and shows that the allegations in the plaintiff's petition, that she received injuries which were the result of any negligence on the part of the defendants, George F. Mullinix, Tom Hudson, Tom Caulder and C. H. Hendrix, by reason of either of them moving said train or coach in which plaintiff was a passenger suddenly or roughly, or that the train or coach was so operated by either of them by negligently pushing, pulling, striking, jarring or jerking the car and coach in which she was a passen-

ger, with such suddenness and violence and in such reckless manner that it threw her down violently, were and are wholly untrue, and she received no injury which was the result of any negligence or carelessness on the part of either of your petitioner's co-defendants, and. the plaintiff, at the time this action was instituted, knew or had good reason to believe that the allegations of her petition, to the effect that her injuries were the result of negligence on the part of your petitioner's co-defendants, or either of them, were wholly untrue; and it says that the defendants, George F. Mullinix, Tom Hudson, Tom Caulder and C. H. Hendrix, were joined as defendants in this action for the sole and fraudulent purpose of preventing your petitioner from removing this action from the State court, and for the sole purpose of fraudulently defeating the jurisdiction of the United States Circuit Court; and your petitioner further alleges that the averments of fact on which the joint liability of your petitioner and its co-defendants is asserted are so palpably untrue and unfounded as to make it improbable that the plaintiff could have asserted them in good faith." Upon the filing of this petition and the bond the court granted appellee's prayer for a removal of the cause, of which action appellant complains.

The appellee contends that the action of the lower court was correct, for the reason that it alleged in its petition for removal that appellant's cause of action stated in her petition was a separable one. This allegation amounted to nothing more than a conclusion of the pleader. There is not a single fact stated in the petition for removal from which the court might determine as to whether or not the cause of action was

Rutherford v. Illinois Central Railroad Company, &c.

a separable one. But, on the contrary, it is shown in the petition of appellant that her cause of action was a joint one against all of the defendants named therein. It is averred by her that appellee's co-defendants, as its agents and servants, were in charge of and so negligently operated and managed the train as to cause the injuries complained of. It is a well-established rule that for an injury inflicted, produced by two or more wrongdoers, an action may. be maintained by the person so injured either against one or against all of them. The liability of the wrongdoers is joint and several. The injured party can elect whether he will proceed against one or all of them. While several may be guilty of several and distinct acts, yet if their concurrent effect is to produce an actionable injury, they are all liable therefor. The action, properly speaking, is not to recover for the negligent act or acts, but it is to recover damages for the injury which they produce. (See Pugh v. C. & O. Ry. Co., 101 Ky., 77, 19 Ky Law Rep., 149, 39 S. W., 695, 72 Am. St. Rep., 392.)

The appellee also contends that the removal of the cause by the lower court was correct for the reason that it denied in its petition for removal the negligence of its co-defendants as charged in her petition, and that it also alleged that her purpose in joining its agents and servants as defendants with it was for the fraudulent and wrongful purpose of defeating the jurisdiction of the United States Circuit Court. These allegations are likewise mere conclusions of the pleader, and do not contain a single jurisdictional fact. As well might the appellant, on the other hand, say that these allegations and conclusions were stated for the sole purpose of ousting the State courts of jurisdiction. In the case of I. C. R. Co. v. Jones' Adm'r, 118 Ky., 26 Ky. Law Rep., 31; 80 S. W., 484, in

discussing the unseemly conflict between State and Federal jurisdictions, the court said: "To avoid these, the Congress has wisely made the condition of the Federal court's jurisdiction to depend upon the filing in the State court in due time of a petition in which, according to the unbroken current of the decisions of the Federal courts construing the act, all necessary facts to show prima facie a right in the petitioner for the removal must be set out, not as conclusions of law, or such necessary facts must affirmatively and explicitly appear elsewhere in the record when the application to the State court is made." It was further determined in that case that it was the duty of the judge of the State court to determine, from the petition and record, whether or not there was presented a Federal case. The question as to the purpose of one party to avoid the Federal court, or the other to avoid the State court, is immaterial. (See the cases of Winston's Adm'r v. I. C. R. Co., 111 Ky., 954, 23 Ky. Law Rep., 1283, 65 S. W., 13, 55 L. R. A., 603; C. & O. R. Co. v. Dixon's Adm'r, 179 U. S., 131, 21 Sup. Ct., 67, 45 L. Ed., 121; Powers v. C. & O. R. Co., 169 U. S., 92, 18 Sup. Ct., 264, 42 L. Ed., 673.)

Appellee contends that by reason of its denial of the negligence of its co-defendants, its employes, it was the sole and real defendant, and that its co-defendants were improperly made parties thereto. We are unable to accept this. The averments in a petition for a removal of a cause of action from a State to a Federal court must be restricted to matters of fact touching the jurisdiction of the court, and all allegations concerning the merits of the case are superfluous and immaterial. The merits of the case are exclusively within the province of the jury trying the case in the court having jurisdiction thereof. (See L. & N. R. Co. v. Wanglin, 132 U. S., 599, 10 Sup.

Ct., 203, 33 L. Ed., 473; Blackburn, v. Portland F. & M. Co., 175.U. S., 571, 20 Sup. Ct., 222, 44 L. Ed., 276; Bushnell v. Crooke, 148 U. S., 682, 13 Sup. Ct., 771, 37 L. Ed., 610; I. C. R. Co. v. Jones' Adm'r, 118 Ky., 26 Ky. Law Rep., 31, 80 S. W., 484.)

We are of the opinion that there are not sufficient facts alleged in the petition for removal, or appearing in the record, which would deprive the State court of jurisdiction to try this case. Wherefore the judgment is reversed, and the cause remanded for further proceedings consistent herewith.

Whole court sitting.