Case 48.—ACTION BY MARY COLEY AGAINST THE ILLINOIS
CENTRAL RY. CO. AND TO RECOVER DAMAGES FOR
PERSONAL INJURIES.—November 3.

## Illinois Central Ry. Co. v. Coley.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for plaintiff. Defendants appeal. Affirmed.

1. Railroads—Public Crossings—Negligence—A railroad which
fails to place a watchman at a busy and much used crossing
in a city, or to take some other precaution commensurate
with the danger, at least during hours when numbers of peo-
ple are using the crossing, is negligent.

2. Same—Negligence of Engineer—An engineer who undertakes
to back his engine in the dark over a busy city crossing,
at which he knows there is no watchman stationed, should
exercise care in proportion to the danger attending the situa-
tion, and should keep his engine under control.

3. Damages—Personal Injuries—Excessive Verdict—A verdict for
$3,500 for personal injuries, resulting in wrecked and per-
manently impaired health, was not excessive.

4. Railroads—Injuries at crossings—Duties of Railroad—Instruc-
tions—In an action against a railroad for injuries sustained
in a collision between an engine and a wagon on which
plaintiff was riding, where the evidence showed that the
crossing at which the collision occurred was one of the most
used crossings in a city, that the collision occurred after
dark, and that the side tracks at the crossing were so ob-
structed that the engine could not be seen until it was
very close to the crossing, a charge that it was the duty of
the railroad, at the place in question, to have some one on
the rear part of backing trains to warn travelers of the ap-
proach of such trains, and to display lights or give signals
at such place as would give reasonable warning of such ap-
proach, or to use some other reasonably safe means to give

the public reasonable warning of the approach of the trains, was not prejudicial to defendant.

5. Same—Nor was a further charge, that it was the duty of the employes of the railroad to give the usual and customary signals of the approach of the engine, by blowing the whistle or continuously ringing the bell, and to keep a lookout for persons and vehicles using or about to use the crossing, and to exercise ordinary care to avoid striking or colliding with such persons or vehicles, prejudicial to defendant.

6. Removal of Causes—Diversity of Citizenship—Removal by Co-Party—Under the act of Congress authorizing removal of causes to the Federal court where defendant or defendants are nonresidents of the State, but forbidding such removal where there is a joint controversy and one of the defendants is a resident, an action in which the petition states a joint cause of action against a resident and a nonresident can not be removed to the Federal court by the nonresident by filing a petition for removal which puts in issue the allegations of plaintiff's petition on the merits.

7. Railroads — Personal Injuries — Persons Liable — Employes — A locomotive engineer, who negligently runs his engine against another and injures him, is personally liable for such injuries, although he does not own the engine and is operating it in the service of a railroad.

8. Railroads—Joint Liability—Parties—A railroad and its engineer, who are jointly liable for injuries caused through the negligence of the latter, may be sued jointly for the injuries.

9. Removal of Causes—Diversity of Citizenship—Fraudulent Joinder of Resident—Where a petition discloses a cause of action against both a resident and a nonresident defendant, the case may not be removed to the Federal court in order that that court may determine whether the joinder of the resident is fraudulent, and made to defeat the right of the nonresident to remove the cause to the Federal court; but, if that fact appears on the trial in the State court, the latter court should forthwith dismiss the action as to the resident and remove the cause to the Federal court as to the nonresident.

WHEELER, HUGHES & BERRY for appellant.

J. M. DICKINSON and TRABUE, DOOLAN & COX of counsel.

### POINTS AND AUTHORITIES.

1. Where fraudulent joinder is alleged and facts affirmatively appear prima facie right of removal exists and issue of fact only to be tried in the Federal court. (Dow v. Bradstreet, 46

Illinois Central Ry. Co. v. Coley.

Fed., 824; I. C. R. R. Co. v. Jones, 80 S. W., 484, 26 Ky. Law Rep., ·31; Arrowsmith v. N. & D. R. Co., 57 Fed., 165; Diday v. R. R. ·Co., 107 Fed., 565; Boatner v. Am. Ex. Co., 122 Fed., 714; Weaver v. Ry., 125 Fed., 155; Board v. Toronto Bank, 128 Fed., 157; Gustafson v. Co., 128 Fed., 85; Swann v. Mut. Res., 116 Fed., 232; Union Terminal v. C., B. & Q., 119 Fed., 209a; Rutherford v. I. C. R. R. Co., 27 Ky. Law Rep., 397; C. & O. R. R. Co. v. Dixon, 179 U. S., 131; Winston's Adm'r v. I. C. R. R. Co., 23 Ky. Law Rep., 1283; Warax v. Ry., 72 Fed., 637.)

(a) An issue of fact involved in jurisdiction is triable in the Federal court.   (R. R. Co. v. Dunn, 122 U. S., 513; R. R. Co. v. Wangelin, 132 U. S., 599; Daughtry v. K. C., &c., 138 U. S., 298; I. C. R. R. Co. v. Jones, 26 Ky. Law Rep., 31, 80 S. W., 484; ·see also cases cited supra.)

2. Instruction "Y" erroneous and prejudicial to appellants.   (21 Ky. Law Rep., 1803.)

3. Instruction No. 1 erroneous and misleading.   (21 Ky. Law Rep., 1803.)

4. Verdict not sustained by the evidence, and contrary to law, ·as given by the court in instructions 2 and 3.

5. Incompetent testimony.

6. Instructions "M" and "N" should have been given.

HENDRICK & MILLER for appellee.


POINTS AND AUTHORITIES.

1. Case was not removable.  Warax case relied on by appellants discussed.  This and the case of Hukill v. C. & O. Ry. Co. Both overruled by the Dixon case, and even if they were not, are contrary to appellants' contention.  Supreme Court says "Plaintiff's motive in performing a lawful act can not be inquired into."  Sec. 241, Ky. Constitution, and sec. 6, Ky. Stats., both give plaintiff the right to join with the master the servant and agent, through whom the tort was committed; the Supreme Court and this court have approved the act, and called it "lawful," and yet appellants insist upon "inquiring into it."

The papers of the case show on their face that this case is ·not removable.  (Warax v. C. & O. Ry. Co., 72 Fed. Rep., 637; Hukill v. C. & O. Ry. Co., 72 Fed Rep., 749; Hawkins v. Riley, 17 B. M., 101; Martin's Adm'r v. L. & N. R. R. Co., 95 Ky., 612; Pugh v. C. & O. R. R. Co., 19 Ky. Law Rep., 149; Winston's Adm'r v. I. C. R. R. Co., 23 Ky. Law Rep., 1283; Jones' Adm'r v. I. C. R. R. Co., 66 S. W., 609; I. C. R R. Co. v. Jones' Adm'r, 26 Ky. Law Rep., 31; Stevenson v. I. C. R. R. Co., 25 Ky. Law Rep., 442; R. R. Co. v. Cook's Adm'r, 113 Ky., 151; Rutherford v. I. C. R. R. ·Co., 27 Ky. Law Rep., 397; Pierce's Adm'r v. I. C. R. R. Co., 27

Ky. Law Rep., 871; Dixon's Adm'r v. C. & O. R. R. Co., 179 U. S., 131; Powers v. Railroad Co., 169 U. S., 92.)

2. Facts show appellants to have been negligent.

3. Appellants' objections to the instruction as to their negligence are not sustained by the authority they cite. (C. & O. Ry. Co. v. Guenther, 21 Ky. Law Rep., 1803.)

4. Objection to instruction on contributory negligence not well taken. Plaintiff's right to recover is not affected by any act or omission of hers, unless she "is in fault in so doing." (S. Covington & Cin. St. Ry. Co. v. Ware, 84 Ky., 267.)

5. Appellee was entitled to an instruction as to negligence in maintaining a crossing—want of flagman, gate or guard—and also an instruction as to punitive damages. (C. P. Ry. Co. v. Kuhn, 86 Ky., 578; N. N. & M. V. Co. v. Stewart, 16 Ky. Law Rep., 351.)

6. Damages not excessive. (Ware case supra cited.)

OPINION BY CHIEF JUSTICE HOBSON—Affirming:

On August 7, 1902, appellee, Mary Coley, then Mary Koerner, was being driven in a spring wagon across the Tennessee street crossing of the Illinois Central Railroad in Paducah. The wagon was struck by a backing engine on the railroad. Two of the occupants of the wagon were thrown out and killed, and Mary Coley sustained painful and serious injuries, to recover for which she filed this action against the railroad company and the engineer in charge of the engine. The railroad company filed its petition for a removal of the case to the Circuit Court of the United States. The court refused to remove the case. The defendants then filed answer, putting in issue the allegations of the petition and pleading contributory negligence on the part of the plaintiff. The case being heard, the jury returned a verdict in favor of the plaintiff for the sum of $3,500, and the defendants appeal.

The evidence on the trial showed that the Tennessee street crossing was one of the most used crossings in the city of Paducah. The accident happened

just after dark. The wagon in which the plaintiff was riding was driven upon the track, when one wagon was just leaving the track and another was just coming up to it. The wagon in which she was riding was thrown against the other wagon. The engine which did the damage was running six or eight miles an hour. It was backing with the tender in front and with a lamp hanging on either side of the tender. It approached the crossing on a curve. There were side tracks on either side of the main track on which cars were standing, so that this engine could not be seen until it got right to the crossing. The proof was conflicting as to whether the engine gave signals of its approach by bell or whistle. The weight of the evidence, however, would indicate that the signals were in fact given, but that, owing to the number of trains passing to and fro and the fact that bells and whistles were blown so often at that point, the signals were not noticed. The amount of travel on the crossing and its obstructed condition by reason of the cars standing on the side track required of the engineer, in backing his engine over it, that he should have it under control, especially when it was dark and there was no adequate light on the tender to give notice of the approach of the locomotive. It was negligence on the part of the company not to have a watchman at such a crossing, or to use some other precaution commensurate with the danger, at least during the hours when people are passing and repassing in numbers; and when the engineer, knowing that there was no watchman there, undertook to back his engine in the dark over such a crossing, he should have exercised care in proportion to the danger attending the situation. We therefore conclude that there was evidence sufficient to warrant the submission of the case to the jury and sustain

the verdict of the jury. While the proof as to the extent of the plaintiff's injuries was conflicting, if the jury credited the proof for her that her health was wrecked and permanently impaired, the verdict was not excessive.

Appellant complains that the court gave instruction G, which is as follows: "The court instructs the jury that it was the duty of defendant railroad company, when backing its trains through the city at the place mentioned in the pleadings, where the injuries, if any, occurred, to have some one on the rear part thereof, in a position to see and warn travelers of the approach of trains, or to display lights or give signals in such place as would give reasonable warning of the approach of the train, or use some other reasonably safe means to give the public using the street reasonable warning of the approach of the train; and, if the defendant failed to provide such reasonably safe means to warn the public using said crossing of approaching trains, it was guilty of negligence."

Counsel's criticism of this instruction is in these words: "The law only requires that appellant should have used such means to give notice of the approach of the train as, considering the character of the crossing, was reasonably sufficient to warn travelers of the approach of the train to the crossing, and it should be left to the jury to judge of the reasonable sufficiency of the means actually employed."

We are unable to see any substantial difference between the statement of counsel and the instruction of the court; for, although the court does say that it was the duty of the railroad company, in backing its trains, to have some one on the lookout to give signals of its approach, it adds, "or use some other reasonably safe means to give the public using the street

warning of the approach of the train,'' and then it concludes by saying that the railroad company was guilty of negligence if it failed to provide such reasonably safe means. The instruction in no way conflicts with the case of C. & O. R. R. Co. v. Gunter, 107 Ky., 362, 56 S. W., 527, 21 Ky. Law Rep., 1803, and it could not have been prejudicial under the facts of this case; for to back an engine over such a crossing as this was shown to be without some such precautions as are set out in the instruction would manifestly be negligence on the part of the railroad company.

Appellant also complains that in instruction I the court used these words: ''It was the duty of the employes of the defendant railroad company, in charge of the engine and train at the time plaintiff received the injuries complained of, to give the usual and customary signals of the approach of said engine and train to the Tennessee street crossing in Paducah, by blowing the whistle or continuously ringing the bell, and to keep a lookout for persons or vehicles using or about to use said crossing, and to exercise ordinary care to avoid striking or colliding with persons or vehicles using or about to use said crossing.'' But these words are in effect taken from instruction M, which was asked by the defendant, which begins as follows: ''It was the duty of the employes of the defendant railroad company, who were in charge of the engine and train at the time of the accident complained of, to give the usual and customary signals of the approach of the engine and train to the street crossing by blowing the whistle or ringing the bell, and to keep a lookout for persons and vehicles using or about to use the crossing. And if you believe from the evidence in this case that the said employes failed to give such notice of the approach of the engine and

train to the street crossing, or failed to keep such lookout,'' etc. We fail to see any substantial difference between the words used by the court as to the signals of the approach of the train and the words asked by the defendant, and certainly under the facts of this case the instruction given by the circuit judge could not have been prejudicial; for, in view of the proof as to the character of the crossing, manifestly no less precautions than those set out in the instruction in backing the engine in the dark over the crossing could be tolerated.

It is not insisted that the negligence of the driver of the wagon is to be imputed to the appellee. The instruction on contributory negligence properly submitted to the jury the question whether there was negligence on her part.

It is earnestly maintained for appellant that the court should have removed the case to the Federal court, although Kotheimer, the engineer, who was a resident of the State, was sued jointly with the railroad company. The petition for removal, among other things, contains the following averments: ''Your petitioner further states that it controverts all claims of any negligence of its co-defendant Kotheimer, or of your petitioner, and avers that there is no pretense whatever for the claim or allegation made by plaintiff in her petition, and controverts the claim that said injuries, if any were sustained, were caused by the joint or concurrent negligence of your petitioner and the said Kotheimer, and charges that plaintiff in her said petition joined your petitioner and said Kotheimer, as defendants for the sole and only purpose, and the fraudulent purpose, of preventing the removal of this action to the United States Circuit Court for the Western District of Kentucky, well knowing at the time that there

was no negligence, joint, concurrent, or otherwise, occurring at the time of the alleged accident which caused or contributed to any injuries which she may have sustained, and all such allegations and claims were fraudulently made by the said plaintiff in her petition for the fraudulent purpose of depriving the United States Circuit Court for the Western District of Kentucky of its rightful jurisdiction in this cause, and of depriving your petitioner of its right, as guarantied by the Constitution of the United States and by the acts of Congress thereunder, of having this cause tried in the said United States Circuit Court for the Western District of Kentucky; that in said petition there is a separable controversy between your petitioner and the plaintiff, and that the matter in dispute in said separable controversy exceeds, exclusive of interest and costs, the sum or value of $2,000, and the same can be fully determined without the presence in the case of the said Kotheimer. Your petitioner charges that at the time the accident happened in which said plaintiff claims to have suffered injuries, which said accident happened at a public street crossing in the city of Paducah, the said crossing was well protected and guarded, and this plaintiff and those in the vehicle with her were warned of the approach of the engine and notified of the danger in attempting to cross the track, and that said engine was supplied with lights and other signals, and that the notice of approach of said engine to the crossing at which the accident happened was given by the ringing of the bell thereon and sounding of the whistle, and that defendant Kotheimer, who was the engineer in charge of said engine at the time, was at his post of duty, keeping a lookout in the direction in which said engine was going, as was also the fireman on said engine, and that said engine was at

the time being carefully and cautiously operated, and that there was at that time every reasonable and proper care exercised both by the watchman at said crossing and the engineer and fireman upon said engine to prevent any accident, and when it was discovered by those in charge of said engine that plaintiff had placed herself in a perilous position on the railroad track every possible means was used by those in charge of said engine to stop it and prevent a collision; said engine was in good condition, equipped with the most approved appliances known to science, and in use; and that said appliances were in good working condition, and were applied and used as they should have been to stop said engine and prevent the collision, but that plaintiff went upon said track at said crossing at a time when said engine was so close thereto that it was beyond the power of those in charge of said engine, with the use of greatest care and of all said appliances, to stop said engine in time to prevent the collision.''

By the act of Congress a case may only be removed to the Federal court where the defendant or defendants therein are nonresidents of the State. Where there is a joint controversy, and one of the defendants is a resident of the State, the other defendant can not remove the case to the Federal court. It is earnestly argued that if all the plaintiff has to do is to join with the defendant a third person who is a resident of the State, and that this will in all cases defeat the right of removal, then no cases may be removed, and the purpose of the act may be defeated entirely. On the other hand, if a nonresident defendant may simply plead to the merits of the case in the petition for removal and then take the case to the Federal court for the trial of the issue thus tendered, all cases may be removed to the Federal court, not-

withstanding the provision of the act of Congress
forbidding the removal of causes where there is a
joint controversy and one of the defendants is a resi-
dent of the State.   To illustrate: In this case it is
earnestly maintained, although there has been a ver-
dict and judgment against Kotheimer, and although
the evidence in the record is sufficient to sustain the
judgment, that the case should have been transferred
to the Federal court.   The effect of this would be to
give the Federal courts jurisdiction of the merits of
the case in actions of this sort, although such juris-
diction is expressly withheld by the act of Congress.
The State court has jurisdiction to try the merits of
the case if there is a joint controversy, and it will not
do to say that the action must be transferred to the
Federal court, for that court to determine whether
the State court may try the case on the merits.   When
the plaintiff's petition states a joint cause of action
against two defendants, there is a controversy, within
the meaning of the act of Congress.   It was not con-
templated by the act that the petition for removal
should go into the merits of the controversy, and by
putting in issue the allegations of the plaintiff's peti-
tion one of the defendants might remove the case
from the State court.   (Plymouth Co. v. Amador, 113
U. S., 270, 271, 6 Sup. Ct., 1034, 30 L. Ed., 232; L.
& N. R. R. Co. v. Wangelin, 132 U. S., 601, 10 Sup.
Ct., 203, 33 L. Ed., 473; Little v. Giles, 118 U. S.,
596, 7 Sup. Ct., 32, 30 L. Ed., 269; East Tennessee
R. R. Co. v. Grayson, 119 U. S., 240, 7 Sup. Ct., 190,
30 L. Ed., 382; Bushnell v. Cooke, 148 U. S., 682, 13
Sup. Ct., 771, 37 L. Ed., 610; Blackburn v. Portland,
175 U. S., 571, 20 Sup. Ct., 222, 44 L. Ed., 276.)

If Kotheimer negligently ran the engine against
the wagon in which appellee was riding, and hurt
her, he is liable to her for her injuries.   The fact

that he did not own the engine, or that he was operat-
ing it in the service of the railroad company, makes
him none the less liable for his personal wrong.   If,
in operating the engine, he was acting as the agent
of the railroad company, and his act was its act, then
it is also responsible to her upon the principle that
he who does an act by another does it himself.   If
both he and it are liable for the wrong, they were both
wrongdoers, and, being wrongdoers, may be sued
jointly.  A person injured in this State is not required
to bring separate actions against the wrongdoers,
but he may sue any or all of them at his election, the
jury may find separate verdicts, and he may recover
against some and not against others.   Under statutes
such as ours we see no reason why the principal and
the agent may not be sued jointly for the wrong
done by the agent in the course of his agency.   Any
other rule would do injustice, as it would require
the plaintiff to prosecute two actions, or force him
to elect between wrongdoers as to which he would
sue.

If the plaintiff trifles with the court, and joins a
defendant who is a resident of the State simply for
the purpose of defeating the right of the other de-
fendant to remove the case to the Federal court, the
court should, as soon as this is made apparent on
the trial, dismiss the  action  as  to  the  defendant
fraudulently joined, with costs, and remove the case
to the Federal court.   The court should not at any
stage of the proceeding allow a party to trifle with its
process or to defeat the act of Congress by a fraudu-
lent joinder of a person as defendant.   But, when the
petition discloses a cause of action which is not within
the jurisdiction of the Federal court, the case may
not be removed to the Federal court, for that court
to try a case over which it has no jurisdiction or to

Illinois Central Ry. Co. v. Coley.

pass on the jurisdiction of the State court over the case. It can not be maintained that the Circuit Court of the United States is only to determine in cases of this sort whether the joinder is fraudulent and made without reasonable expectation on the part of the plaintiff to prove the facts alleged, and that it is the exclusive forum to determine this question; for in not a few cases the State court would hold upon the evidence that the plaintiff had made out his case against both the defendants while in the Federal court upon the same evidence it would be held that the plaintiff had failed to make out his case and that therefore the joinder was fraudulent. The result would be that the State court would be prevented from proceeding in a case admittedly within its jurisdiction by reason of the fact that the Federal court was of opinion that there was no merit in the case. It was not contemplated by the act of Congress that the Circuit Court of the United States should be given supervisory power over the State courts on the merits of joint controversies of this character.

Judgment affirmed.