CASE 24.—ACTION BY WILLIAM DUDLEY AGAINST THE
ILLINOIS CENTRAL R. R. CO. AND ANOTHER FOR
DAMAGES FOR PERSONAL INJURIES.—October 16,
1906.

## Dudley v. Illinois Cent. Ry. Co., &c.

Appeal from Caldwell Circuit Court.

J. F. GORDON, Circuit Judge.

From an order dismissing the suit as to defendant
Calvin Mitchell and sustaining the motion to remove
the cause to the federal court, plaintiff appeals—
Affirmed.

1.  Removal of Causes—Citizenship—Joinder of Parties—Petition.
    —Plaintiff, who was a brakeman on one of defendant railroad
    company's freight trains, sought to recover damages for
    injuries sustained by his being struck by a waterspout alleged
    to be too near the track. Plaintiff joined defendant M., whose
    citizenship was the same as plaintiff's, with defendant rail-
    road company, whose citizenship was diverse, and alleged
    that M. had charge of defendant's waterspout, etc., and that
    the railroad company and M., as its agent and servant, had
    carelessly, etc., placed the post and pillars supporting the
    spout so near the track as to make its position dangerous,
    and that the spout was negligently permitted to hang in
    dangerous proximity to the top of the train, that by the
    negligence of defendant company and M. in placing the pillar,
    and in permitting the spout and connections to be in such
    condition, plaintiff was struck by the spout and injured.
    Held, That the petition stated a cause of action against both
    defendants, and that the court therefore properly denied the
    motion of the railroad company in the first instance to trans-
    fer the cause to the federal court.
2.  Master and Servant—Injuries to Servant—Fellow Servant's
    Liability.—A servant of a railroad company in charge of its

water tanks, spout, pumping stations, and appliances under
the direction of a superintendent, was not liable for injuries
to a brakeman by striking a spout negligently placed too
near the track, where such servant had nothing to do with
the placing or adjusting of the pipe and fixtures, and was
guilty at most of mere nonfeasance for failure to remedy the
defect.

3.  Removal of Causes—Renewal of Motion.—Where, in an action,
for injuries to a servant, plaintiff joined a resident employe
as a party defendant with the railroad company, which was
a non-resident, and at the close of plaintiff's evidence no
cause of action had been established against the resident
defendant, and there was nothing to warrant the presumption
that a stronger case could have been made out when the
petition was filed, it was proper for the court to grant the
railroad company's renewed motion for a removal of the
cause to the federal court, on the ground that the citizen
defendant had been joined for the sole purpose of preventing
such removal.

HENDRICK, MILLER & MARBLE for appellant.

JOHN C. GATES, TRABUE, DOOLAN & COX, J. M. DICKIN-
SON and P. H. DARBY for appellees.

OPINION OF THE COURT BY JOHN D. CARROLL, COM-
MISSIONER—Reversing.

The appellant, who was a brakeman on one of
appellee's freight trains, brought this suit against
the appellee company and Calvin Mitchell to recover
damages resulting from injuries sustained by being
struck by a waterspout attached to a tank operated
by the defendant company near Cerulean Springs.
The petition averred: "That the defendant Calvin
Mitchell was in the employ of the company, and was
acting as its pumper or superintendent or supervisor
or manager of pumps, tanks, and all the appliances
and water tanks, along its road; that he had charge
and management of the pumps, tanks, cranes, chains,

posts, and all appliances of the pumping stations
which furnished water to the engines of the company,
and was paid by the company to do this work under
its orders; that he was especially and directly in
charge and control of the tank and crane and spout
and pumping station and all the appliances thereof
at Cerulean Springs, and of the supplying of water
to the engines, and was actually managing and con-
trolling said tanks, pump, spout and appliances; that
the company and Mitchell, as its agent and servant
in charge of said tank, had carelessly, wrongfully and
negligently placed the post, pillar and support sup-
porting the spout and crane which was used in sup-
plying the engine with water, dangerously and un-
necessarily near to the track, making the position of
same improper, defective and dangerous, because of
its proximity to the track, and had negligently per-
itted the chains, spout and other appliances of the
tank to be defective and out of repair, and to hang
in dangerous proximity to the top of the train, so as
to endanger the lives of the employes engaged in dis-
charging their duties; that by the negligence of the
defendant company and Mitchell in placing the post,
pillar and support so near the track, and by their
negligence in suffering and permitting the support
and connections of the tank to be in such condition as
to put the spout in dangerous proximity to the
train, the plaintiff was struck by the spout upon the
head and injured.'' The petition also contained other
allegations necessary in cases of this character. In
due time the railroad company, a foreign corporation,
filed its petition and bond for removal of the cause
to the United States Court. This motion the trial
court overruled. Upon a trial of the case, at the con-
clusion of the evidence for plaintiff, now appellant,

the defendant Mitchell entered a motion for a peremptory instruction, which. was sustained by the court, and thereupon the jury returned a verdict for Mitchell. When the action against Mitchell was terminated in this way, the defendant company renewed its motion for removal, and it was sustained by the court. Appellant complains of the action of the trial court in giving the peremptory instruction and in removing the cause.

The petition stated a good cause of action against both the defendants, and the court properly refused to transfer the action when the motion was first made. I. C. R. R. v. Coley, 121 Ky. 385, 89 S. W. 234, 28 Ky. Law Rep. 336, 1 L. R. A. (N. S.) 370; Pierce's Adm'r v. I. C. R. R., 86 S. W. 703, 27 Ky. Law Rep. 801. Whether the transfer was proper, upon the conclusion of the evidence for appellant, depends upon the question whether or not Mitchell was joined as defendant in good faith. The mere fact that the trial judge sustained a peremptory instruction on behalf of Mitchell is entitled to some weight, but is not in itself conclusive evidence that Mitchell was not joined in good faith, or that appellant failed to make out a case against Mitchell. To determine therefore whether or not the action of the trial court was proper, we will examine the evidence introduced by appellant, and determine from it whether or not the averments of the petition stating a good cause of action against Mitchell were sustained. The substance of the allegations against Mitchell are that he was directly in charge and control of and actually managed and controlled the tank, crane, spout, pumping station, and all appliances connected therewith, and that as agent and servant of the company he carelessly and negligently placed the pillars, support-

ing the spout and crane, dangerously and unnecessarily near the track, making the same improper, defective, and dangerous because of its proximity to the track; and that the company and Mitchell negligently permitted the chains, spout, and other appliances of the tank to be defective and out of repair, and to hang in dangerous proximity to the top of the cars. The evidence for plaintiff was to the effect that Mitchell was in charge of the tank and pump of the defendant on the Evansville & Hopkinsville Division, which included the tank at Cerulean Springs, and hired the pumpers, and that the tank at Cerulean Springs was some two feet nearer the track than the tank at Princeton on the same line; that Mitchell was working under one Noles, and had been seen repairing the tanks and machinery attached thereto; that the water pipe from the tank was the instrument that struck the appellant and knocked him off the train; that it was Mitchell's duty to examine the tanks and pumps at each station, and keep them in running order; and that the pipe that struck appellant was improperly adjusted and hanging too far over the track. There was no evidence whatever tending to show that Mitchell had anything to do with erecting the tank or placing or adjusting any of the fixtures or appliances thereon; nor does the evidence disclose whether the pipe that struck appellant was so constructed that it hung too far over the track, or was negligently permitted to hang in that condition by some person when using it; nor does the evidence show that Mitchell could have reconstructed the tank or placed it further from the track, or have supplied it with different pipes or appliances, or that he was furnished by the master with any other appliances than those in use, or that he

had it in his power to do anything more than he had done. Mitchell was a subordinate employe of the railroad company, working under the superintendent or person who had charge of the tanks or pumping stations.

Assuming that it was the duty of Mitchell to keep these tanks and appliances in repair, and that the water pipe that struck appellant was hanging too low down, Mitchell could not be held liable to appellant, unless a servant such as Mitchell was is liable for nonfeasance, or for his failure to affirmatively take some action to remedy defects or dangerous appliances to which his attention may be directed. This precise question was before this court in Cincinnati, New Orleans & Texas Pacific R. Co. v. Robinson, 115 Ky. 858, 74 S. W. 1061, 25 Ky. Law Rep. 265, and it was there held that the petition having failed to show any cause of action against Robinson, the employe joined with the company, that it was proper to remove the case to the United States Circuit Court. In the case at bar, the evidence wholly fails to make out a case against Mitchell, and therefore the action of the trial judge in giving the peremptory instruction was proper. The petition for removal set out that Mitchell was joined as a defendant for the sole purpose, and with the fraudulent design, of preventing the transfer of the case to the United States Circuit Court, and that the allegations of the petition in respect to Mitchell were untrue, and could not be sustained by evidence; and, when the evidence on behalf of appellant disclosed a total failure to show any liability on the part of Mitchell, the conclusion remained that the allegations of the petition for removal were true.

In Illinois Central R. Co. v. Coley, 121 Ky. 385, 89

S. W. 234, 28 Ky. Law Rep. 336, 1 L. R. A. (N. S.) 370, the engineer in charge of the train that injured plaintiff was joined as a defendant. A petition similar to the one in the case at bar was filed for removal, and overruled. On a trial, a verdict was rendered against the defendants. In discussing the question of removal, this court said: "If the engineer negligently ran the engine against the wagon in which appellee was riding and injured her, he is liable to her for her injuries. The fact that he did not own the engine, or that he was operating it in the service of the railroad company, makes him none the less liable for his personal wrong. If, in operating the engine, he was acting as agent of the railroad company, and his act was its act, then it is also responsible to her upon the principle that he who does an act by another does it himself." In that case the evidence justified the finding that the engineer was guilty of an affirmative act of negligence, and, although a subordinate employe, was jointly liable with his principal for his negligent conduct. The court further said: "If the plaintiff trifled with the court, and joined a defendant who is a resident of the State simply for the purpose of defeating the right of the other defendant to remove the case to the federal court, the court should, as soon as this is made apparent on the trial, dismiss the action as to the defendant fraudulently joined, with costs, and remove the case to the federal court. The court should not at any stage of the proceeding allow a party to trifle with its process, or to defeat the courts by fraudulent joinder of a person as a defendant."

If the plaintiff can by stating in his petition a good cause of action against a resident defendant, and thereby prevent the nonresident defendant from

transferring the case, although upon the trial the evidence wholly fails to show any cause of action against the resident defendant, the result would necessarily be that in every case where this was done a removal could be prevented, and the plaintiff, by the fraudulent or mistaken joinder of a person as a defendant, could defeat the jurisdiction of the federal court. Powers v. C. & O. Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. It is true that it is for the state court to determine from the record, when the motion for a transfer is made, whether or not there is then presented a state of case authorizing a transfer. Illinois Central R. Co. v. Jones' Adm'r, 118 Ky. 158, 80 S. W. 484, 26 Ky. Law Rep. 31; Rutherford v. Illinois Central R. Co., 120 Ky. 15, 85 S. W. 199, 27 Ky. Law Rep. 397. And it has been ruled in a number of cases that the motive or purpose of the plaintiff in joining the defendants will not be inquired into, provided a cause of action is stated against them jointly. Winston's Adm'r v. Illinois Central R. Co., 111 Ky. 954, 23 Ky. Law Rep. 1283, 65 S. W. 13, 55 L. R. A. 603; C. & O. Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121; Rutherford v. Illinois Central R. Co., 120 Ky. 15, 85 S. W. 199, 27 Ky. Law Rep. 397. But when, during the progress of the trial—for instance, at the close of the plaintiff's evidence—it becomes apparent that no cause of action has been made out against the resident defendant, and there is nothing in the record to warrant the presumption or conclusion that a stronger case could have been made out when the petition was filed, the court will not sit idly by and permit a plaintiff, by making allegations that he must have known he could not establish, to deprive the defendant of a right guarantied to it or him by

Dudley v. Illinois Cent. Ry. Co., &c.

the law. However reluctant state courts may be to surrender their jurisdiction, they cannot lend themselves to a scheme to defeat rights to which each one of the parties litigant is entitled, or permit a skillful pleader to determine the question of removal without reference to the merits of the case.

The case of Whitcomb v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303, is not in conflict with these views. It is true that in that case, at the close of the testimony for plaintiff, the trial court sustained a peremptory instruction offered by the resident defendant, and thereupon the nonresident defendant again moved to transfer the case, and this motion was overruled. In sustaining this ruling, the Supreme Court said: "This was a ruling on the merits, and not a ruling on the jurisdiction. It was adverse to the plaintiff, and without his assent, and the trial court rightly held that it did not operate to make the cause then removable, and thereby enable the other defendants to prevent plaintiff from taking a verdict against them. As we have said, the contention of that railway company that it was fraudulently joined as a defendant had been disposed of by the United States Circuit Court. But, assuming without deciding that that contention could not have been properly renewed under the circumstances, it is sufficient to say that the record before us does not sustain it." It will thus be seen that the decision of this question is rested upon the grounds: First, that it had been disposed of by the United States Circuit Court; and, second, that the record did not show a fraudulent joinder.

The judgment of the lower court is affirmed.